# WHEELING.

## SNYDER v. HARPER.

Submitted September 10, 1883—Decided April 26, 1884.

After the appearance of the defendant the court should be liberal in allowing such amendments to the declaration, as tend to promote the fair trial and determination of the subject-matter of controversy, upon which the action was originally really based; but no amendment should be allowed against the protest of the defendant, which introduces into the case a new substantive cause of action different from that declared upon and different from that, which the party intended to declare upon, when he brought his action, though the amendment be such, as would in another count have been properly inserted in the original declaration, and the new cause of action was such, as could, if the plaintiff had so chosen, been united in the same suit with the original cause of action actually sued upon. (p. 211.)

GREEN, JUDGE, furnishes the following statement of the case:

On April 17, 1875, John D. Harper sued out of the clerk's office of Pendleton county court a summons against Sampson Snyder, David Harman (of Samuel) Henry Snyder, Martin V. Bennett, Joseph Harman and Samuel Harman to answer the plaintiff of a plea of trespass, assault and battery, damage one thousand dollars. On the return day of said summons at the June rules the declaration was filed. It was a declaration for a trespass, assault and battery upon the plaintiff for beating, bruising, mutilating and shooting him. At the next term of the county court of Pendleton the defendants appeared and pleaded not guilty and filed two special pleas. One of these special pleas was the plea of the

statute of limitations, that the plaintiff did not commence his action within one year from the time the cause of said action accrued to the plaintiff. The second special plea was the one known as the plea of belligerent rights, "that the wrongs, injuries and acts complained of by the plaintiff were done according to the usage of civilized warfare in the prosecution of the late war between the government of the United States and a part of the people thereof." Each of these pleas concluded with a verification. At the August term, 1875, when these pleas were filed, an entry was made on the record, that the plaintiff "replied," but the record-book does not state, whether the replications were general or special, and no written replications appear as filed at the August term, 1875. At the November term the only entry on the record-book is, that the cause was continued on motion of the plaintiff and at his costs till the next term. At the March term of the court the plaintiff offered to file an amended declaration, to which the defendants objected, and the court overruled the objection and the amended declation was filed, and the defendants demurred to this amended declaration, which demurrer the court overruled; and the death of Samuel H. Harman one of the defendants being suggested it was ordered, that the suit be abated as to him, and the cause was continued till the next term.

This amended declaration contained two counts, one for an assault and battery by the defendants on the plaintiff, which was substantially the same as the original declaration. The second count was for another assault and battery on the plaintiff by the defendants, and also that the said defendants on the same day "took and carried and drove away certain goods and chattels, to-wit, two blind-bridles, one riding-bridle, one grey mare and one grey horse of the said plaintiff, of great value, to-wit, of the value of three hundred dollars, and converted and disposed of the same to their own use; and other wrongs then and there did to the plaintiff against the peace and dignity of the State of West Virginia to the damage of the plaintiff of one thousand dollars."

At the August term, 1876, the record states, that the defendants filed two special pleas to each of which the plaintiff replied specially. The only two special pleas, which can be

referred to in this order are those which are copied into the transcript of the record before the entry of this order, and they are the pleas of the statute of limitations of five years and of belligerent rights; and the only special replications which could be referred to in this order made at the August term, 1876, are that the plaintiff could not take the test-oath, and that he was obstructed by war and insurrection in the prosecution of his action.    Each of these special replications conclude with a verification; and in the last of each there is the following endorsement: "Filed November court, 1875, demurrer, &c."    But this endorsement seems to have been a mistake of the clerk, for the record-book does not show that any replications or any demurrer had been filed at that term of the court; the only entry at that time being: "On the motion and at the cost of the plaintiff this case is continued till the next term."    Upon the filing of these pleas and these special replications this further entry was made: "This day came the parties by their attorneys and issues are joined, and thereupon came a jury (naming them) who being elected, tried and sworn the truth to speak upon the issues joined upon their oaths do say, "we the jury find for the plaintiff and assess his damage at three hundred and fifty dollars."    And thereupon the court rendered the following judgment:

"Therefore it is considered by the court, that the plaintiff recover of the defendants the sum of three hundred and fifty dollars damages with interest thereon from the 15th day of August, 1876, till payment and his costs herein expended including an attorney's fee, five dollars."

The record further states in substance, that after the plaintiff had announced to the court that he had completed his evidence, the defendants asked the court to instruct the jury that they must find for the defendants on the plea of the statute of limitations, unless they believe from the evidence that the plaintiff could not take the test-oath.    The counsel for the plaintiff then stated, that he thought that the plaintiff had made and filed an affidavit to the effect that he could not take the test-oath, and this not being the case he asked the court to permit the plaintiff to file such affidavit, to which the defendant's counsel objected; but the court per-

mitted such affidavit to be then made and filed, to which action of the court the defendants excepted. The defendants obtained a writ of error and *supersedeas* to this judgment, and on October 15, 1879, the circuit court of Pendleton affirmed this judgment and rendered a judgment for costs in favor of the defendant in error. From this judgment of the circuit court a writ of error and *supersedeas* has been awarded to this Court on the petition of the defendants in the county court.

*W. H. H. Flick* and *W. F. Dyer* for plaintiffs in error.

*George A. Blakemore* for defendant in error.

GREEN, JUDGE:

We have had great difficulty in procuring a true copy of the record upon which the circuit court of Pendleton based its judgment affirming the judgment of the county court. As we are merely supervising the judgment of the circuit court, we must act on the case as presented to that court by the record of the proceedings in the county court of Pendleton, as certified by its clerk which, I presume, had been mislaid by the clerk of the circuit court of Pendleton, as the record certified by him to this Court was, as it appeared from a return to a writ of *certiorari* issued by this Court, evidently made up by the clerk of the circuit court of Pendleton from the original papers of this suit, and from the record-book of the county court, which on the abolition of the county court as a court for the trial of causes was deposited with the clerk of the circuit court of Pendleton. On discovering this we issued a *certiorari* to the clerk of the circuit court of Pendleton requiring him to send up the original copy of the proceedings of the county court of Pendleton in this case, as it had been certified by the clerk of the county court of Pendleton, and on which the circuit court of Pendleton acted, when it affirmed the judgment of the county court of Pendleton. In answer to this *certiorari* the original paper acted on by the circuit court of Pendleton has been sent up, it having, I suppose, been recently found. The statement of the case has been made up from

this paper, as it exhibits the case as acted on by the circuit court. But I am satisfied, that in some respects the case acted on by the county court of Pendleton was not the real case before that court. Because of blunders made by the clerk of the county court in certifying the copy of the record what he certified was not in all respects a true copy of the record; but of course his blunders can not now be corrected. They could have been corrected only by the circuit court of Pendleton before it decided the case. But fortunately no injustice will be done by these blunders of these clerks; for in my judgment the case must be decided on a point, in regard to which we have the case presented to us unquestionably just as it was to the county court of Pendleton as well as to the circuit court of that county.

On March 16, 1876, the plaintiff offered to file an amended declaration, to the filing of which the defendant objected, which objection the court overruled. Did the county court err in overruling this objection and in permitting the plaintiff to file this amended declaration? The summons had been issued eleven months before it was proposed to file this amended declaration. It was a summons to answer "a plea of trespass, assault and battery." The declaration, which was filed more than nine months before the offer to file the amended declaration was made was for an assault and battery of the plaintiff's person, and contained but one count. Seven months before it was proposed to file this amended declaration the defendant had pleaded "not guilty," and had filed a plea of the statute of limitations, that the plaintiff had not commenced his action within *one year* from the time the cause of action accrued, and the plea generally known as the plea of belligerent rights. To this, the record says, the plaintiffs "replied" but it does not say, whether generally or specially. As no special replications are copied into the record, and as none but a general replication could be filed, unless it was in writing, I presume we shall have to regard these replications as general replications, though I suppose there is no reasonable doubt that they were special replications, which through carelessness have been lost. Fortunately the loss will do no prejudice to any party, as this case will be remanded to the circuit court for further proceedings,

and the plaintiff will of course be permitted to file such special replications to these pleas as he may think proper.

At November court, 1875, the case was continued for the plaintiff, and after this lapse of time and after all these proceedings he offers on the 10th of March, 1876, to file an amended declaration, the first part of which was substantially the same as the original declaration, but the second count of which was for an entirely different cause of action, the first count being a trespass *vi et armis* for an assault and battery of the plaintiff's person, and the second count being trespass *de bonis asportatis* for carrying away his goods and converting and disposing of them to the defendants' use. If we admit, which we will do for argument's sake without examination, that in the original declaration these two counts could have been properly joined, we come to the distinct question: Ought the county court to have permitted him against the protest of the defendants to amend this declaration, as was done, by introducing a new count for a new and distinct cause of action not contained in the original declaration? The Code of West Virginia, ch. 125 § 12, provides, "that the plaintiff may amend his declaration or bill at any time after the appearance of the defendant, if substantial justice will be promoted thereby." There are no decisions, that I know of, in Virginia or in West Virginia indicating what amendments the court can properly allow to be made to a declaration after the appearance of the defendant. But there are numerous decisions in other States, which lay down the rule to be, that such amendments to the declaration will be liberally allowed by the courts, as tend to the trial and determination of the subject-matter in controversy, upon which the action was originally based; but no amendment can be allowed, which introduces into the cause a new and substantive cause of action different from that declared upon, and different from that which the party intended to declare upon, when he brought his action. See *Edgerley* v. *Emmerson*, 4 N. H. 147; *Stevenson* v. *Mudgett*, 10 N. H. 338; *Lawrence* v. *Langley*, 14 N. H. 70; *Burt* v. *Kenne et al.*, 47 N. H. 361; *Shock* v. *McChesney*, 4 Yeats 507; *Capell* v. *Cooke*, 8 Serg. & R. 268; *Newlin* v. *Palmer*, 11 Watts & S. 98; *Wood* v. *Anderson*, 25 Pa. St. 407; *Wright* v. *Hart's Ad'mr.*, 44 Pa. St. 454;

*VanSycles* v. *Perry*, 3 Rob. (N. Y.) 621; *Ball* v. *Claflin*, 5 Pick. 303; *Guilford* v. *Adams*, 19 Pick. 376; *Ross* v. *Bates*, 2 Root (Conn.) 198; *Cooper* v. *Waldron*, 50 Me. 80; *Summer* v. *Brown*, 34 Vt. 195.

Many other cases of the same character might be cited; but these are amply sufficient to show, that this proposition, so reasonable in itself, is well sustained by authority. In many of the States, in which this law, as we have laid it down, is well settled, their statute-law allowing amendments to pleading is quite as liberal as our statute-law. If under the provision of our statute-law the defendant consented to the addition of another count to the declaration, which introduced into the case a new and substantive cause of action different from that declared upon, but which was of such a nature that it could have been united with the first cause of action by another count in the declaration, I do not doubt that such amendment to the declaration could with the defendant's assent be authorized by the court, and perhaps, if the court authorized such an amendment of the declaration, and the defendant made no objection to it nor moved to strike it out but pleaded to it, and the case was finally tried on this amended declaration, and a judgment rendered against the defendant, this Court would refuse to reverse such judgment, as under such circumstances such amended declaration would be regarded as promoting substantial justice. But if the filing of an amended declaration containing such a count is objected to, as in this case, the court ought not to permit it to be filed; for the court cannot know, that substantial justice will be thereby promoted. The court, when it is asked by the plaintiff to file an amended declaration introducing into the case a new and substantive cause of action, can not know that gross wrong may not be done the defendant thereby; and if he objects to the amended declaration, the court should conclude that he is injured thereby. There are many ways in which he might be injured, of which the court has no means of judging. He may know for instance, that the plaintiff will certainly be defeated in his original cause of action, and if this new and substantive cause of action is thus permitted to be introduced by amending the declaration, the defendant

may know that the plaintiff must succeed on this new cause
of action, and thus the defendant may be compelled to pay
the entire costs of the suit, when he was really entitled to
have the costs, he had incurred, paid to him by the plaintiff.
There are many other ways, in which the defendant might
be injured by such an amendment; and as the court has no
possible means of knowing whether the defendant will or
will not be injured, if he objects to such amendment of the
declaration, the court ought not to allow it, as it is clear in
such a case, that the court cannot say in the language of our
statute "substantial justice will be promoted thereby."

I am therefore clearly of opinion that the county court
of Pendleton erred in its order of March 18, 1876, in over-
ruling the objection of the defendant to the filing of this
amended declaration, because said amended declaration intro-
duced into the case a new and substantive cause of action
different from that declared upon, and different from that
which the party intended to declare upon, when he brought
his action.    For this same reason the circuit court erred in
its judgment of October 25, 1879, in affirming the judgment
of the county court of Pendleton, rendered on the 15th of
August, 1876.    I deem it unnecessary to consider the various
other grounds of error insisted on by counsel, because the
case must be remanded to the circuit court of Pendleton for
a new trial, and the record before that court in its further
proceedings in this case will be the original record in this
case, as it really was in the county court of Pendleton, which
I am satisfied is materially different from that before us, the
one certified by the clerk of said county court, and because
all the objections urged to the improper making of the issue,
or rather what is claimed the entire failure to make up any
issue on the special replication of the plaintiff, as well as the
matters objected to in the bill of exceptions can all be
avoided and will doubtless be avoided on the trial hereafter
to be had, and because the circuit court will see that all the
pleadings are proper and the issues are properly joined
before another trial by jury is had in this case.    It is use-
less therefore to consider whether or no the irregularities
which occurred in the making up of the issues and in the
trial of the case before the county court were fatal blun-

ders, as all such blunders will doubtless be avoided in the future.

The order of the circuit court made the 25th day of October, 1879, affirming the judgment of the county court rendered August 15, 1876, and decreeing costs against the plaintiffs in error in favor of the defendant in error, must be set aside, reversed and annulled; and the plaintiff in error must recover of the defendant in error his costs in this Court expended, and the judgment of the county court of August 15, 1876, must be reversed and annulled, and the verdict of the jury rendered in said case must be reversed, and the amended declaration filed March 16, 1876, must be struck from the record, and the plaintiffs in error must recover of the defendant in error the costs expended in the circuit court of Pendleton; and this case must be remanded to the circuit court of Pendleton with directions to proceed further in the case, and when proper issue has been made up in the case to have the same tried by a jury or otherwise proceed with the case according to the principles governing courts of common law, and further according to the principles laid down in this opinion.

REVERSED.   REMANDED.