# CHARLESTON.

## KUHN *v.* BROWNFIELD.

*(HOLT, JUDGE, absent.)

Submitted September 6, 1890.—Decided December 3, 1890.

1. AMENDMENT.

In case of variance between allegation and evidence appearing on trial of an action at law, such amendments of pleadings should be allowed as tend to promote the fair trial of the matter in controversy, on which the action was originally really based, provided such amendments do not introduce a new substantive cause of action different from that declared upon, and different from that which the party intended to declare upon when he brought his suit. Amendments are not to be allowed which are inconsistent with the nature of the pleadings or change the cause of action. ·Allegations may be changed and others added, provided the identity of the cause of action is preserved.

2. AMENDMENT—PLEADING—STATUTE OF LIMITATION.

When an amendment to a declaration is properly allowed, according to the rule above stated, so far as regards the statute of limitation, it will have the same effect as if it had been originally filed in the amended form at the commencement of the suit, and

---

*Case submitted before Judge Holt's appointment.

a cause not then barred will not be treated as barred at the time of the amendment by reason of such amendment. *Lamb* v. *Cecil*, 28 W. Va. 653.

3. MALPRACTICE.

Where a physician or surgeon is employed to treat a patient without any express special contract defining the character and extent of his duty and undertaking, either an action of *assumpsit* or case may be maintained for the breach of the implied obligation arising from such employment caused by unskillful, negligent, and improper treatment of the patient.

4. MALPRACTICE—STATUTE OF LIMITATION.

In such action for such cause, whether *assumpsit* or case, one year is the period which is applicable under the statute of limitation.

*J. Bassel* and *W. G. Linn* for plaintiff in error cited:

10 N. H. 338; 48 Am. Dec. 482; 2 Chitt. Pl. (1859) 82; 4 Rob. Pr. 627; 6 T. R. 543; 34 Am. Dec. 155; 6 W. Va. 336; 24 W. Va. 206.

*A. F. Haymond* and *U. N. Arnett* for defendant in error cited:

Code (1860) c. 171, s. 14; Code (1868) c. 125, s. 12; Warth's Code c. 125, s. 53; Id. pp. 712, 713; 29 W. Va. 740, 742, 743; 32 Gratt. 203–208; 23 W. Va. 14; 28 W. Va. 583; 7 Ohio 462; Wright (Ohio) 466; 48 Am. Dec. 482, n.; 27 N. H. 460; 6 Kan. 46; 17 Ohio St. 255; 21 Tex. 111; 1 Mich. N. P. 109; 7 Ohio 462; 51 Me. 596; 59 Am. Dec. 388; Ewell Malprac. 20, 142, 143; 81 Am. Dec. 593; 24 W. Va. 206; 72 Wis. 591; 6 W. Va. 336; 25 Pa. St. 407; 44 Pa. St. 454; 3 Robt. 621; 22 N. H. 339; 42 N. H. 70; Burt v. Pom. 47 N. H.

BRANNON, JUDGE:

This was an action of *assumpsit* in the Circuit Court of Marion county, by John Kuhn, resulting in a judgment of *nil capiat* for the defendant, J. H. Brownfield, to which plaintiff has taken this writ of error.

The appellant's first assignment of error is in the allowance of pleas one and four. We will examine this question. The declaration alleged that plaintiff had been wounded and hurt, and that his hip-joint had been dislocated; and that the defendant represented and held himself out to be

a surgeon, skillful, careful and competent to treat and cure dislocations; and that the plaintiff retained and employed the defendant in the way of his business as physician and surgeon to examine and treat his injury, bruise and dislocation, and to reduce such dislocation, and set the bones of his hip-joint, and to cure and relieve such bruise, injury, and dislocation; and that, in consideration thereof, and of certain reward to be paid by the plaintiff to the defendant, the defendant undertook and faithfully promised the plaintiff that he would examine and surgically treat said bruise, injury, and dislocation, and reduce the dislocation and set the bones of said joint in a skillful, careful, and proper manner, and cure the injury ; and that the plaintiff submitted himself to the treatment of defendant; and that the defendant, not regarding his promise and undertaking, but contriving and intending to injure the plaintiff, did not treat the plaintiff in a skillful, careful or proper manner, and did not use, exercise, or apply surgical or medical skill in and about the treatment or cure of said injury and dislocation, and about the reduction of said dislocation or setting the bones of the hip-joint, and did not reduce the dislocation, nor set nor adjust the bones of the hip-joint, as in the exercise of proper skill and care he ought to have done, but wholly neglected so to do, and, on the contrary, so unskillfully, carelessly, negligently and improperly examined and treated said injury and dislocation, "that by and through the mere unskillfulness, carelessness and improper conduct of the said defendant" the said hip-joint remained still dislocated and out of joint, and must so continue during the life of the plaintiff, and that the plaintiff merely by reason of such carelessness, unskillfulness and negligence of the defendant remained hurt, lamed, and decrepit, and would so continue lame and infirm, and unable to use his leg and unable to perform his accustomed labor.

Upon a trial before a jury the defendant moved the court to exclude the plaintiff's evidence because it did not sustain the allegations of the declaration, but was variant therefrom, and then the court allowed the plaintiff to amend his declaration by striking out the words " reduce and cure," and the words " and cure," and the words " and to reduce

the said dislocation and adjust. and set the bones, and to cure and relieve the said bruise, injury, and dislocation," and the words "and cure the said injury," and the words " and to have the said dislocation reduced and made well and said injury cured." The jury was discharged without rendering a verdict, on motion of defendant. Afterwards the defendant filed pleas one and four as follows :

" No. 1. The defendant says that the plaintiff his said action against him ought not to have and maintain, because the defendant says that. the supposed cause of action mentioned and set forth in the plaintiff's declaration. in the cause as amended in court, by leave of the court, towit, on the 19th day of March, 1888, did not accrue to the said plaintiff within one year next before the day the plaintiff amended his said declaration in this cause in court, by leave of the court, towit, the said 19th day of March, 1888; and this the said defendant is ready to verify."

" No. 4. The defendant says that the plaintiff his said action against him ought not to have and maintain, because the defendant says that the said plaintiff did not commence his said action against the said defendant for the supposed cause of action mentioned and set forth in the plaintiff's declaration in this case within one year next before the said supposed cause of action accrued to the said plaintiff. And this the defendant is ready to verify."

The plaintiff demurred to said pleas, and, his demurrer being overruled, and the court having offered leave to the plaintiff to file replications to said pleas, and the plaintiff declaring that he did not desire to file any replication to them, and declining to make up any issue on them, the court gave judgment for defendant.

The defendant contends that the amendment introduced a new cause of action, and that as to that cause of action declared upon in the declaration as amended the statute of limitations did not stop at the commencement of the action, but ran on until the date of the order of amendment (19th of March, 1888) and that therefore his plea that action did not accrue within one year before that date is good ; while the plaintiff contends that such amendment did not introduce a new cause of action, and that the statute notwith-

standing such amendment must be held to stop at the date of the summons commencing the action—15th of April, 1887.

The theory of the defendant to sustain his claim, that the amendment introduces a new cause of action, is that the declaration, as it was before the amendment, averred that his undertaking was to cure the injury of the plaintiff, which must necessarily be based in law on an express and special contract to cure, not simply one to treat the ailment ; that the mere engagement of a surgeon to treat a patient carries with it no implied undertaking to cure, and that the language of the declaration in alleging an undertaking to cure must necessarily be taken as based on an express, special contract to cure the plaintiff's hurt—whereas the amendment striking out allegations as to cure leaves it based on a mere engagement to treat the patient, which carries with it only an implied obligation to treat to the best of his skill and judgment.

It is true, that a physician or surgeon without a special contract for the purpose never stipulates for the successful conclusion of his service, nor is he ever a warrantor or insurer, and his implied contract with his employer is, that he possesses that reasonable degree of learning, skill and experience, which is ordinarily possessed by professors of the same art or science ; that he will use reasonable and ordinary care and diligence in the exertion of his skill and the application of his knowledge ; that he will use his best judgment as to the treatment of the case intrusted to him. *Leighton* v. *Sargent*, 27 N. H. 460 (59 Amer. Dec. 388) and cases cited in note, *Patten* v. *Wiggin*, 51 Me. 594 (81 Amer. Dec. 593) and note.

But though we be compelled to view the declaration, as it was before amendment, as one founded on an express contract to cure, I do not think that it by any means follows, that an amendment so changing it that it came to be founded on the simple retention of the defendant for service in treating his patient, carrying with it the implied contract or undertaking to possess and exercise reasonable skill, and alleging negligent treatment, would introduce a new, distinct and substantive cause of action. Whether the contract for

such service be express or implied, it only manifests the terms of engagement, the extent and nature of the obligation of the parties, which, however important under certain circumstances and for certain purposes, is not important for the question in hand, that is, whether a new and distinct cause of action is introduced by the amendment in this case.

Here the question is not exactly how the surgeon was engaged, or what duties he assumed, but it is whether the wrongful act charged in the declaration, as amended, as the cause of the plaintiff's damage, is a different act from that specified in the declaration before amendment. It seems to me to be very clear, that in the declaration, as it was before amendment and as it is since the amendment, the *gravamen* or gist of the action, the cause from which the damage ensued, is the malpractice of the defendant, his negligence and omission to exercise skill, judgment and care ; and that the statement of his undertaking or contract with the plaintiff is only explanatory of how he came to be engaged, and as raising a duty on his part, and is to be treated as if it were inducement. Whether he engaged by special contract to cure or by implied contract to use ordinary skill, the wrongful act charged against him, that he treated his patient unskillfully, carelessly, negligently and improperly, would be a violation both of such special and implied undertakings. It is one and the same transaction in the declaration as it was and as it is, and not a distinct different transaction first heard of after amendment. The change does not change the form of action, for *assumpsit* may be maintained against a physician or surgeon upon his implied undertaking to exercise proper skill arising from his simple engagement as physician, as well as on an express contract to cure.

It is stated in 2 Wait, Act. & Def. 103, that "case lies against surgeons, physicians and apothecaries for improper treatment or want of skill or care, though *assumpsit* is also maintainable." In Addison on Torts, p. 13, it is stated that " a tort may be dependent upon or independent of contract. If a contract imposes a legal duty, the neglect of that duty is a tort founded on contract ; so that an action *ex contractu*

for breach of contract, or an action *ex delicto* for breach of duty, may be brought, at the option of the plaintiff." In *Barnett* v. *Lynch*, 5 Bar. & Cr. 609, quoted in the text in 1 Chit. Pl. 152, Littledale, J., said:

"Where there is an express promise, and a legal obligation results from it, the plaintiff's cause of action is most accurately described in *assumpsit*, in which the promise is stated as the gist of the action. But where, from a given state of facts, the law raises a legal obligation to do a particular thing, and there is a breach of the obligation, and a consequential damage, there, though *assumpsit* may be maintainable upon a promise implied by law to do such act, still an action on the case is the more proper form of action in which the declaration states the facts out of which the legal obligation arises, the obligation itself, the breach of it, and the damage resulting from that breach."

In note *v*, to 1 Chit. Pl. 152 (16th Amer. Ed.) it is said that where the gist of the action is a tort, if it arises out of a contract, the plaintiff may declare in tort or contract at his election ; and that so much of the contract must be stated as is necessary to describe the wrong, or as qualifies the nature and character of the wrong. In 1 Wait, Act. & Def. 135, it is laid down that attorneys, surgeons and engineers undertake to discharge their duties with a reasonable amount of skill and with integrity, and for their neglect or unskillfulness there may be an action either in tort for the wrong done or for breach of the contract at plaintiff's election. See Add. Torts, 15, 16.

Section 8, c. 131, Code 1887, provides that "if at the trial of any action there appear to be a variance between the evidence and allegations, the court may, if in its opinion substantial justice will be promoted thereby, allow the pleadings to be amended." I concede that under this statute of amendment or at common law a new cause of action can not be introduced. In the leading case of *Stevenson* v. *Mudgett*, 10 N. H. 338, the law is laid down thus : "Amendments are not allowed which are inconsistent with the nature of the pleadings, or change the cause of action. Particular allegations may be changed, and others added, provided the identity of the cause of action is preserved."

The case of *Cross* v. *Kaye*, 6 Term R. 543, is in principle analogous to the question involved here. It was a *qui tam* action against an attorney for a penalty for acting without being admitted, and the declaration charged that he did "prosecute and carry on the proceedings" in a certain cause, whereas on trial it appeared that he had only sued out the writ in the action, and an amendment was allowed striking out the allegation that he carried on the proceedings and substituting language to the effect that he did "commence" proceedings *etc.* It was held the amendment did not introduce another cause of action.

There is nothing in the case of *Snyder* v. *Harper*, 24 W. Va. 206, militating against the amendment allowed in this case, but I think it supports it. The court there holds that the courts should be liberal in allowing such amendments as tend to promote the fair trial of the subject-matter upon which the action was originally really based ; but no amendment should be allowed against protest, introducing a new substantive cause of action, different from that declared upon, and different from that which the party intended to declare upon when he brought his action.

Now, I ask, is it not clear that the plaintiff in this case intended to declare upon the negligent, unskillful professional treatment of him by the defendant as the source of his injury, and the cause of his action ? Did he not in his declaration, as it was when filed, allege that as the gist of his action, and use the defendant's contract or undertaking merely as an incident in the transaction to show how and why the duty rested on the defendant ? The declaration as amended is just the same as it was in respect to its allegations of the malpractice alleged against the defendant.

In *Lamb* v. *Cecil*, 28 W. Va. 653, it was held, that a plaintiff can not, under pretence of amendment of his bill, introduce an original and different cause of action or ground of relief; but if the cause of action and relief sought are substantially the same, it is immaterial that the form, in which the claim is presented by the amendment, differs essentially from that in the original bill.

In the case now in hand the amendment changed only the form of statement, not the cause of action. Holding,

as we do, that the amendment introduced no new cause of action, the statute of limitation will be applied just as if the declaration as amended had been originally so filed. *Hart* v. *Railroad Co.*, 6 W. Va. 336; *Lamb* v. *Cecil*, 28 W. Va. 653. Therefore plea No. 1 is bad, and the demurrer as to it should have been sustained, because it fixes the date of the amendment, not the date of the summons, as the date up to which, from the accrual of the cause of action, time should be computed under the statute of limitation. Counsel on both sides concede that one year is the period applicable under the statute to the case, and I think such concession is proper. The action, though connected with an implied contract, is for a tort or wrong resulting in bodily suffering and injury, and would not survive the death of the party injured either under our statute or the common-law, and is thus limited to one year. These principles will be found discussed in *Grubb* v. *Sult*, 32 Gratt. 203; *Flint* v. *Gilpin*, 29 W. Va. 740 (3 S. E. Rep. 33) *Curry* v. *Mannington*, 23 W. Va. 14. Plea No. 4 is bad only because of the word "before" near its close. A question arose in my mind whether we should not intend or substitute the word "after" for the word "before," on the ground that to mean anything the plea must be read as if it were written "after;" but there was a demurrer to it, and perhaps that was its ground.

Judgment is reversed, the demurrer to pleas Nos. 1 and 4 sustained, those pleas rejected, and cause remanded for further proceedings.

REVERSED.    REMANDED.

34  260
36  411
36  681

34  260
37  505

34  260
38  722

34  260
f46  203

34  260
48  25

34  260
49  553
49  554

34  260
j53  222

## CHARLESTON.