# CHARLESTON

## HANSON v. BLAKE, ADM'R.

Submitted January 14, 1908.    Decided February 18, 1908.

1. PLEADING—*Declaration—Description of Defendant.*

   Whether words following the name of defendant are to be deemed descriptive of his person or of the character in which he is sued is to be determined by the allegations of the declaration. (p. 562.)

2. SAME.

   In an action in which the averments of the declaration are against defendant, and the promises declared upon not stated to be those of the person whom he represents, the words "administrator of," &c., following defendant's name, are descriptive only of the person of defendant, and the action cannot be considered as against him in representative capacity. (p. 562. )

3. EXECUTORS AND ADMINISTRATORS—*Proof of Claim—Variance.*

   Proof of a claim against estate of decedent so recited to be represented by defendant is at variance with such declaration and inadmissible thereunder. (p. 562.)

4. SAME—*Evidence.*

   Verdict and judgment upon such declaration and such proof improperly admitted thereunder, are personal against defendant, clearly erroneous, and must be set aside and reversed. (p. 562.)

5. PLEADING—*Amendment of Declaration.*

   So long as the form of action is not changed, and the court can see that the identity of the originally intended cause of action is preserved, the particular allegations of the declaration may be changed by amendment in order to cure imperfections and mistakes in the manner of stating plaintiff's case. (p. 563, 565.)

Error to Circuit Court, Fayette County.

Action by Mary Hanson against J. A. Blake, administrator. Judgment for plaintiff, and defendant brings error.

*Reversed.*

WALKER & SUMMERFIELD, for plaintiff in error.

M. W. RYAN, for defendant in error.

ROBINSON, JUDGE:

Plaintiff instituted this action of *assumpsit* against defendant, styling him in the summons "administrator of

Charles Lomadew, deceased." The declaration contains only the common counts, and the allegations therein0are directly against defendant, after whose name in the beginning are the words aforesaid. There are no allegations that plaintiff's decedent was indebted or promised, but that defendant was indebted and promised. The affidavit filed with the declaration follows the same course. The account therewith is for "board, house rent, fuel and light furnished to Charles Lomadew," and for waiting on him as nurse during his last illness. No grounds being assigned, demurrer to the declaration was overruled. Upon plea to issue and trial by jury, there was a verdict for $400 against defendant, styled as aforesaid. Motion to set aside the verdict as being contrary to law and the evidence was overruled, and defendant excepted; motion in arrest of judgment was overruled, and exception thereto taken; and, thereupon, judgment followed. This judgment is that " plaintiff do recover of and from the defendant the sum of," &c. There is no recital that it is to be satisfied out of the goods and chattels in the' hands of defendant, as such administrator, to be administered.

Error is assigned in overruling the demurrer; in permitting plaintiff to introduce testimony in the case without proper bill of particulars; in refusing defendant's motion to exclude plaintiff's evidence as irrelevant, incompetent, insufficient, and at variance with the allegations of the declaration; in refusing to set aside the verdict; and in overruling motion in arrest of judgment. It is insisted that such judgment is personal as to defendant, and not against him in his capacity as such administrator.

Exception to overruling the demurrer cannot avail, since no grounds of demurrer were assigned. Code, chapter 125. section 29 ; *Koontz* v. *Koontz*, 47 W. Va. 31. Besides, the declaration is clearly sufficient in law to support action against the defendant personally, as hereinafter stated. There being no exception below to the insufficiency of the account, or bill of particulars, filed with the declaration, and in view of our conclusion herein, we need not discuss the assignment relating to such insufficiency. Plaintiff's evidence is wholly at variance with her declaration. This evidence is directed in support of a claim against the estate of Charles.

Lohmedieu, deceased, and it is not contended that it has any force as sustaining liability on the part of defendant personally. But it is said that the action is against defendant as administrator of said decedent. It is not so averred in the declaration. The mere words "administrator of Charles Lomadew, deceased," following the name of defendant in the writ and declaration, do not so make it. Such words are merely descriptive of the person of defendant, and not of the character or capacity in which he is sued, since the averments of the declaration are not against him in such representative capacity. No promise or undertaking of decedent is averred, for which it is sought to hold defendant as his personal representative liable out of property in his hands to be administered. Whether such words as follow the name of defendant are to be deemed descriptive of his person or of the character and capacity in which he is sued, is to be determined by the allegations of the declaration. The averments of the declaration being, in fact, against defendant personally, these words must be held to be only descriptive of his person, and may be rejected as surplusage. Were the declaration against the estate which defendant represents, and the promises declared upon those of the person he represents, then such words would be properly used as necessary to set forth the representative capacity in which defendant is sued. *Rich* v. *Sowles*, 64 Vt. 408; *Austin* v. *Munro*, 47 N. Y. 360; *State* v. *Hudkins*, 34 W. Va. 372.

These words being so used as to be simply descriptive of the person of defendant, the judgment is a personal one against him. *Thompson & Lively* v. *Mann*, 53 W. Va. 435. Then, too, it is not sustained by the proof. We make no suggestion as to the weight of the evidence in its relation to a claim against the estate of decedent, but simply say that this evidence, wholly relative to such claim, was not admissible, because the action is so declared upon as to be personal to defendant. While the judgment may be said to be consistent with the writ and declaration, yet the proof related to no such claim as alleged, and cannot support such judgment. There is direct variance between the allegations and proof. This is fatal. *Berkley* v. *Cook*, 3 Call 378; *B. & O. R. Co.* v. *Skeels*, 3 W. Va. 556; *Loomis* v. *Jackson*, 6

W. Va. 613; *Dresser* v. *Transp. Co.*, 8 W. Va. 553; *James* v. *Adams*, 8 W. Va. 568; and other cases. Such being the case, either of the motions, to exclude, to set aside the verdict, or in arrest of judgment, should have been granted.

Taking the case as a whole, it is plainly to be seen that it was intended for recovery upon implied, if not express, promises of Charles Lohmedieu, in his lifetime, to plaintiff, for board and maintenance. But as we have observed, in this the pleader signally failed; and, while evidently not so intended, the allegations of the declaration state only a good case of personal promises by defendant. But we can readily observe that it will be conceded by all that there is no contention that defendant personally owes plaintiff. There is not the least pretense of such personal liability in the evidence. It all relates to liability against the estate of which he is administrator. The brief on behalf of plaintiff endeavors only to support the judgment as one to be paid out of decedent's estate. No promise on behalf of defendant personally or otherwise is sought to be proved. All this being true, will violence be done to the rule forbidding amendments introducing a new cause of action, by allowing this declaration to be so amended as to set up the claim mentioned in the proof as against the estate represented by defendant as such administrator? We do not think so. In the interest of substantial justice, the declaration herein may be amended so as to assert a claim against the estate of decedent which defendant represents, since it is convincingly apparent from the whole proceeding that such was the original intent of the pleader. This will introduce no new cause of action, but will permit the identical cause of action evidently undertaken by the pleader to be declared upon to be properly averred in the declaration. Such amended declaration will simply permit this same cause of action to be asserted against the same defendant, but in a different form from that mistakenly asserted in the first instance; that is, against defendant in his representative capacity, instead of in his personal capacity. To dismiss plaintiff's action and cause her to institute a new suit, upon the theory that a different cause of action is sought to be averred, would be so extremely technical as not to conform to modern

ideas of right and justice. Amendment of this declaration to fit the subject matter involved in the action will only go as to the form of defendant's liability. The rule as to amendment is: "In case of variance between allegation and evidence appearing on trial of an action at law, such amendments of pleading should be allowed as tend to promote the fair trial of the matter in controversy, on which the action was originally based, provided such amendments do not introduce a new substantive cause of action different from that declared upon, and different from that which the party intended to declare upon when he brought his suit. Amendments are not to be allowed which are inconsistent with the nature of the pleadings or change the cause of action. Allegations may be changed and others added, provided the identity of the cause of action is preserved." *Kuhn* v. *Brownfield*, 34 W. Va. 252. Now, to permit plaintiff to amend herein will not, as we view it, introduce a new substantive cause of action in realty different from that declared upon, or different from that which the party intended to declare upon when she brought her suit. Nor will such amendment be at all inconsistent with the nature of the pleadings. The words used in the declaration descriptive of defendant, the account filed therewith, and the whole of plaintiff's proof, disclose the intendment to assert liability against decedent's estate. However, it turns out that the legal effect of such effort in the pleading was to misdirect the action. The action undertaken to be declared upon, and which, respecting the mistaken view of the pleader, was declared upon, is the same as that to be introduced by such amendment. The identity of the cause, as originally intended, will be preserved. True, it may be said, that such amendment will introduce a cause of action legally and technically separate from the legal import of the original declaration, but it will only be separate by reason of the cold legal import aforesaid—an import which · we perceive was never intended by plaintiff. In fact, it will be the same as that in mind when the original declaration was drafted. Is not this a proper application of our statute, Code, chapter 125, section 12, which provides that "the plaintiff may of right amend his declaration or bill at any time before the appearance of the defendant, or after such

appearance if substantial justice will be promoted thereby"?
We deem the allowance of amendment herein to be in no
wise inconsistent with the principles enunciated in *Snyder* v.
*Harper*, 24 W. Va. 206; *Kuhn* v. *Brownfield, supra;* and
*Clarke* v. *Ohio River R. Co.*, 39 W. Va. 732.   That which
is held in *New River Mineral Co.* v. *Painter*, 100 Va. 507,
is applicable here:  "If the plaintiff in the amended declara-
tion is attempting to assert rights and to enforce claims
arising out of the same transaction, act, agreement or obli-
gation, however great may be the difference in the form of
liability as contained in the amended from that stated in
the original declaration, it will not be regarded as for a new
cause of action." And in *Cassell* v. *Cooke*, 8 S. & R. 287, "the
true criterion" in instances  of the point before us is stated
to be "whether the alteration or proposed amendment is a new
and different matter—another cause of controversy; or
whether it is the same contract or injury, and a mere permis-
sion to lay it in a manner which the plaintiff considers will
best correspond with the nature of his complaint, and with
his proofs, and the merits of his case."   Our allowance of
amendment, as hereinbefore expressed, is surely justified by
*Sumner* v. *Brown*, 34 Vt. 197, wherein it is said:  "Courts
in this, as in other states, are inclined to go to the extreme
verge of liberality in allowing parties so to amend the
pleadings as to permit the trial and determination of the real
subject matter in controversy, upon which the matter was
originally really based, that which the party brought his
action to recover for, and what he and his attorney sup-
posed he was declaring for."

We conclude, therefore, that the judgment be reversed,
the verdict set aside, and the cause remanded with leave
to plaintiff to amend her declaration.   It will be so
ordered.

*Reversed.*