# CHARLESTON.

## MULVAY v. HANES.

Submitted September 14, 1915.    Decided October 12, 1915.

1. PLEADING—*Amended Declaration—New Cause of Action.*

    So long as the identity of the cause of action originally averred is preserved, an amended declaration is not demurrable merely because it introduces additional phases or circumstances of the same wrong complained of in the first pleading. (p. 722).

2. EVIDENCE—*Conclusion of Witness.*

    In an action by a husband for miscarriage of the wife, resulting from an assault upon him by another in her presence, she may in testimony state the primary facts and circumstances of the wrong

and its physical consequences; but she ought not to be permitted, as a non-expert witness, to express an opinion or conclusion therefrom as to the actual cause of the miscarriage. (p. 723).

3.  Husband and Wife—*Action—Evidence.*

    Where in the action for the miscarriage so complained of it is contended that the husband provoked the assault, evidence of threats by defendant of personal violence to plaintiff, made shortly prior to the injury, is admissible and relevant as evincing the mental attitude and aggressiveness of defendant. (p. 724).

4.  Appeal and Error—*Ground for Reversal—Exclusion of Evidence— Direction of Verdict.*

    If uncontradicted evidence adduced by plaintiff tends reasonably to establish the cause of action alleged, its exclusion and the direction of a verdict for defendant constitute reversible error. (p. 724).

Error to Circuit Court, Tyler County.

Action by John T. Mulvay against S. C. Hanes. Judgment for defendant, and plaintiff brings error.

*Reversed, and new trial awarded.*

*Jackson V. Blair* and *O. C. Carter,* for plaintiff in error.

*M. K. Duty,* for defendant in error.

Lynch, Judge:

John T. Mulvay sued to recover damages for the loss of the society and services of his wife, Idena Mulvay, alleged to be due to the scare and fright occasioned by defendant in a personal combat or encounter between him and plaintiff in her presence on October 13, 1911, near their residence in Tyler county, resulting in the loss by miscarriage or abortion of a child with which she was then pregnant. Such is the cause of action averred in the only count of the original declaration.

After demurrer thereto, overruled, plaintiff filed at rules an amended pleading of two counts, the first being in substance a repetition of the averments contained in the first declaration. The second count avers the additional charge that in the encounter Hanes struck Mrs. Mulvay on the abdomen, thereby causing the injury from which the miscarriage resulted. The amendment so introduced was dis-

missed, on defendant's motion, "on the ground that the second count of the amended declaration introduces new·substantive matter". Of this ruling plaintiff complains.

However, that count did not introduce a different or inconsistent cause of action. Though both counts attributed the resultant malady to variant incidents of the combat, they nevertheless based the right of recovery upon injuries arising out of the same transaction. The counts were mere variations in the manner of averment, in anticipation of the probable variable phases the evidence might assume upon the trial of the case. *Mineral Co.* v. *Painter,* 100 Va. 507; *Tidball* v. *Bank,* 100 Va. 741. As the amendment presented only a new element of the same general cause of action, the ruling dismissing it was manifestly erroneous and prejudicial. *Hanson* v. *Blake,* 63 W. Va. 560; *Kuhn* v. *Brownfield,* 34 W. Va. 232. The fright and assault charged occurred at the same time and as incidents of the same combat, and plaintiff, properly, could, as grounds of recovery, aver and prove any fright or physical injury traceable to the assault.

Generally, in an action for personal injury, the person affected may, as a witness, detail the incidental facts and circumstances out of which the injury arose, the manner of its infliction, the characteristics of the resultant injury so far as perceptible to the senses, and the extent of the consequential suffering. But, although as to such matters he is usually better qualified than any other person to testify and explain, he ought not to be permitted to express an opinion requiring the exercise of scientific or professional skill and knowledge. The application of this principle would sustain the refusal of the trial court to permit Mrs. Mulvay to state the cause producing the miscarriage, attributed by plaintiff to the encounter between him and defendant. *Railroad Co.* v. *Walker,* 93 Ga. 462; *Goshorn* v. *England,* 119 Ind. 368; *Britton* v. *St. Louis,* 120 Mo. 437. While, as observed, she could state the consequent physical injury, she could not express an opinion as to the cause producing it. On that subject, the jury was as competent as she to draw any proper inference or conclusion from the evidence before them. To the inquiry, whether the miscarriage resulted from the cause assigned or

from some source not chargeable to defendant, they were required to respond, not she.

The refusal to permit the witness Burch to testify that, in his presence, in September before the fight in October, defendant threatened to "give John T. Mulvay a sound threshing", is urged as ground for reversal. This proof was admissible, in connection with other evidence introduced, in so far as it might tend to show Hanes' mental attitude toward plaintiff on the day of the encounter, and thereby to enlighten the jury as to whether defendant sought the quarrel and whether defendant prevented plaintiff from retiring from the conflict after it had begun, as the latter contended he did.

The vital and controlling question here presented, however, relates to the action of the trial court in excluding the evidence offered by plaintiff and directing a verdict for defendant. This action indirectly involves also the refusal of plaintiff's motion for a new trial.

As ordinarily the weight and sufficiency of evidence fall exclusively within the province of the trial jury, it is not proper now to enter into a detailed discussion of the proof in the case. It suffices to say that, had the jury rendered a verdict for plaintiff upon the evidence so excluded and not contradicted, defendant offering none, a judgment thereon might merit affirmation upon writ of error thereto. Though apparently plaintiff was the aggressor in the encounter, he, his wife and daughter agree in stating he twice attempted in vain to withdraw from the conflict, and protested against its further continuance; that he was prevented from so retiring by the persistence of defendant in an effort to prolong it; that the latter repeatedly renewed it when plaintiff attempted to withdraw. If so, defendant thereby became the aggressor, and, as such, liable for the consequential injury, though otherwise he may have been without fault. This presented a question of fact, erroneously withheld from the jury.

Upon these assignments, we reverse the judgment and award a new trial.

*Reversed, and new trial awarded.*