WILBURN HAYES

*v.*

THE TOWN OF CEDAR GROVE, *etc.*

(No. 9736)

Submitted January 29, 1946.   Decided March 12, 1946.

*Horace S. Meldahl,* for plaintiff in error.

*Bibby & Good,* for defendant in error.

FOX, JUDGE:

In May, 1943, plaintiff, Wilburn Hayes, while employed by the defendant, Town of Cedar Grove, a municipal corporation, was injured by falling from a truck being used in removing trash and garbage from the streets and premises adjacent thereto in said town. He thereafter instituted this action in the Circuit Court of Kanawha County, seeking to recover damages for such injury from the Town of Cedar Grove, basing his action upon alleged negligence in respect to the character of the truck so used, and the manner in which it was operated. In his declaration, he averred matters which this Court held showed that the enterprise in which the town was engaged, and from which plaintiff's injury resulted, was in the exercise of a governmental function, and that the town was immune from liability by reason thereof. *Hayes* v. *Town of Cedar Grove,* 126 W. Va. 828, 30 S. E. 2d 726. That case was decided upon the certification of the action of the trial court in sustaining a demurrer to the declaration.

Upon remand of the case to the Circuit Court, it appears from the record at bar, and from our own records, that on September 27, 1944, plaintiff tendered his amended declaration and that said court sustained defendant's demurrer to the declaration as amended. We refused to docket the certification of said ruling on October 30, 1944, and again on December 4, 1944. The first amended declaration was based upon the same theory of recovery as that contained in the original declaration.

On January 10, 1945, plaintiff was permitted to file a second amended and substituted declaration, which contains some additional allegations, but still relies upon the allegations of negligence contained in the original and first amended declarations. On January 19, 1945, plaintiff appeared and moved the court to amend his

second amended and substituted declaration by inserting, at appropriate points therein, the following language: "and to keep its streets where same was used in a reasonably safe condition"; and the language: "where the street was in a bumpy and unsafe condition"; and the further language: "on said bumpy and unsafe street". The quoted amendments were permitted to be made, and were interlined in the second amended and substituted declaration at points such as would, in effect, make the said declaration include a charge that the streets of said town were in an unsafe condition, and that the street at the point of the accident was in a bumpy and unsafe condition, thus alleging a cause of action under the provisions of Chapter 40, Acts of the Legislature, First Extraordinary Session, 1933, (Michie's Code, 17-10-17). On the 24th day of February, 1945, the defendant, by its counsel, appeared and moved the court to strike from said amended and substituted declaration the language quoted above, on the ground that the insertion of said language created a new cause of action, which could not be set up by the amendment, which motion the court sustained. The defendant then filed its demurrer to the amended and substituted declaration, as deleted, on the ground that the same showed on its face that the alleged act of negligence of the defendant, which caused the injury of plaintiff, was committed by defendant in the exercise of a governmental function, and that defendant was immune from liability therefor. This is the same objection that was made to the original and first amended declarations, which objections, in the form of a demurrer, both the circuit court and this Court had sustained. The circuit court sustained said demurrer, and, the plaintiff not desiring further to amend, his action was dismissed, and this writ of error followed.

Our decision in *Hayes* v. *Town of Cedar Grove, supra*, settles the law of the case alleged in the original and the two amended declarations. Without the language quoted above, and stricken from the second amended and substituted declaration by the circuit court, there could be

no recovery by the plaintiff. The declaration, as amended by the insertion of the language quoted above, might present a cause of action under said Chapter 40. The question is, therefore, whether a cause of action under Chapter 40 aforesaid can be set up by an amendment to the second amended and substituted declaration.

It is well settled in this State that an amendment to a pleading may not set up a new cause of action; but an amendment to a declaration which merely amplifies the allegations therein, with respect to the same cause of action, may be made. Section 12 of Chapter 125, Code, 1868, taken from the Virginia Code of 1860, provides that "The plaintiff may of right amend his declaration or bill at any time before the appearance of the defendant, or after such appearance if substantial justice will be promoted thereby. But if such amendment be made after the appearance of the defendant, the court may impose such terms upon the plaintiff as to a continuance of the cause, and the payment of costs of such continuance as it may deem just. * * *". In the reenactment of Chapter 125 by Chapter 71, Acts of the Legislature, 1882, the same language was used; and likewise in the amendment to Section 12 aforesaid, made by the Legislature, Chapter 41, Acts 1911, although in the latter enactment some changes are made in the section in other respects. Code, 56-4-24, provides: "Plaintiff may of right amend his declaration or bill at any time before the appearance of the defendant; and, notwithstanding such appearance, in any action, said motion or other proceeding the court, if in its opinion substantial justice will be promoted thereby, may, at any time, before final judgment or decree, and upon such terms as it may deem just, permit any pleading to be amended, or material supplemental matter to be set forth in amended or supplemental pleadings, introducing a necessary party, discontinuing as to a party, eliminating from a multifarious bill all but one of the equitable causes of action alleged, or changing the form but not the cause of action, ***." Under our present statute, a court may not permit an amendment to a

pleading which changes the cause of action, and in the revisers' note it is stated that the language "but not the cause" was inserted for the purpose of emphasis and to conform to Court decisions.

We think it clear that our present statute fully conforms to our decisions on the point in question. That question was first considered by this Court in *Snyder* v. *Harper,* 24 W. Va. 206, wherein it was held:

> "After the appearance of the defendant the court should be liberal in allowing such amendments to the declaration, as tend to promote the fair trial and determination of the subject-matter of controversy, upon which the action was originally really based; but no amendment should be allowed against the protest of the defendant, which introduces into the case a new substantive cause of action different from that declared upon and different from that, which the party intended to declare upon, when he brought his action, though the amendment be such, as would in another count have been properly inserted in the original declaration, and the new cause of action was such, as could, if the plaintiff had so chosen, been united in the same suit with the original cause of action actually sued upon."

The same principle was followed in *Lamb* v. *Cecil,* 28 W. Va. 653; *Kuhn* v. *Brownfield,* 34 W. Va. 252, 12 S. E. 519; *Clark* v. *Ohio River R. R. Co.,* 39 W. Va. 732, 20 S. E. 696; *Edgell* v. *Smith,* 50 W. Va. 349, 40 S. E. 402; *Findley* v. *Railway Co.,* 76 W. Va. 747, 87 S. E. 198; and *Morrison* v. *Judy,* 123 W. Va. 200, 13 S. E. 2d 751. In the last cited case the question was discussed in the following language:

> "While a rule of liberality has prevailed in the matter of amendments, and a wide discretion is vested in the trial court with relation thereto, it has always been held that an amendment may not change the cause of action. The subject was ably discussed by Judge Green in *Snyder* v. *Harper,* 24 W. Va. 206. See also, *Edgell* v. *Smith,* 50 W. Va. 349, 40 S. E. 402.

On the other hand, where the identity of the cause of action is maintained throughout, an amended pleading which does nothing more than present grounds for recovery for the same cause of action, though different from those stated in the original pleading, is permitted. *Bird* v. *Stout*, 40 W. Va. 43, 20 S. E. 852; *Cox* v. *Coal & Oil Investment Co.*, 61 W. Va. 291, 56 S. E. 494; *Hanson* v. *Blake, Admr.*, 63 W. Va. 560, 60 S. E. 589; *Dempsey* v. *Poore*, 75 W. Va. 107, 83 S. E. 300. See also, 49 C. J., sections 673 and 680. In tort actions, the same rule is illustrated in the following cases: *Clarke* v. *Ohio River Railroad Co.*, 39 W. Va. 732, 20 S. E. 696; *Mulvay* v. *Hanes*, 76 W. Va. 721, 86 S. E. 758; *Merrill* v. *Marietta Torpedo Co.*, 79 W. Va. 669, 92 S. E. 112, L. R. A. 1917F, 1043; *Bartley* v. *Western Maryland Railroad Co.*, 81 W. Va. 795, 95 S. E. 443."

The question is: Did the proposed amendments to the second amended and substituted declaration create a new cause of action? It is apparent that the cause of action alleged by the language quoted above and interlined, as aforesaid, was intended to state a cause of action under the provisions of said Chapter 40, (1943 Michie's Code, 17-10-17) which, so far as pertinent to this action, reads: "Any person who sustains an injury to his person or property by reason of any road or bridge under the control of the county court or any street or sidewalk or alley in any incorporated city, town or village, being out of repair may recover all damages sustained by him by reason of such injury, in an action against the county court, city, town or village in which such road, bridge, street, sidewalk or alley may be, except that such city, town or village shall not be subject to such action unless it is required by its charter to keep the road, bridge, street, sidewalk, or alley therein at the place where such injury is sustained, in repair. * * *"". The contention is made that this section merely deprives a city, town or village of asserting governmental immunity in actions for damages on account of negligence for failing to keep its streets in repair, it being settled law in this jurisdiction that the keeping of streets in repair

is a governmental duty, and that, but for this statute, there would be no liability. We cannot agree with this contention. Clearly, we think the statute creates a cause of action which did not theretofore exist.

In determining whether a new cause of action was alleged by the amendments aforesaid, it is proper to consider some of the differences between a cause of action under the statute, and one under the common law, where recovery for negligence is sought. In a common law action, the burden is on the plaintiff to establish negligence. If there had been no immunity from the action of negligence against the Town of Cedar Grove, the plaintiff would still have been required to establish, by a preponderance of the evidence, some negligent act on the part of the town. On the other hand, if the action had been based upon Chapter 40 aforesaid, it would not have been necessary to prove negligence. The liability is absolute. This has been frequently stated by this Court. See *Taylor* v. *Huntington*, 126 W. Va. 732, 30 S. E. 2d 14, and cases there cited. There are other differences as to the rights of litigants, particularly in respect to assumption of risk, contributory negligence and negligence of fellow-servants. The case which comes nearest to the case at bar is that of *Findley* v. *Railway Co.*, *supra*. There the plaintiff instituted an action under our wrongful death statute, known as Lord Campbell's Act, Code, 55-7-5, for the death of an employee of the railway company. During the second trial of the action, it was established that plaintiff was employed by the railway company in the performance of acts in interstate commerce, and that the action should have been instituted under the Federal Employers' Liability Act. Upon that development in the trial, plaintiff asked leave to amend his declaration and was permitted to do so, and thus, in effect, make his action one under the Federal Act. This Court held that that created a new cause of action. That is not exactly the case at bar, because there the change was from reliance upon a State statute to reliance upon a Federal statute for recovery, and the

differences between the requirements under which the case should be tried, after the amendment, were manifest. Here, we have a case in which plaintiff, in the first instance, relied upon a supposed common law right of action, and, finding that he could not recover under that theory, has changed his action to one under the statute, in which, as indicated above, there are differences as to the evidence required to sustain a recovery, and in other particulars mentioned above. We think that the question here presented, being one of procedure in our courts, should be determined by our own statutes and decisions; but it has been considered by courts of other jurisdictions, and, so far as we can determine, the great weight of authority is that a change of action from common law to a statutory action creates a new cause of action. On this point see *Union Pacific Ry. Co.* v. *Wyler*, 158 U. S. 285, 15 S. Ct. 877, 39 L. Ed. 983; *Parmelee* v. *Savannah F. & W. Ry. Co.*, 78 Ga. 239, 2 S. E. 686; *Bolton* v. *Georgia Pacific Ry. Co.*, 83 Ga. 659, 10 S. E. 352; *Charleston & W. C. Ry. Co.* v. *Miller*, 113 Ga. 15, 38 S. E. 338; *Allen* v. *Tuscarora Valley Ry. Co.*, 229 Pa. 97, 78 A. 34; *La Croix & Frere* v. *Eaton*, 99 Vt. 262, 133 A. 745.

We are therefore of the opinion that the interlined amendments to the second amended and substituted declaration, quoted at the beginning of this opinion, allege a new cause of action, which, under our statute and our decisions, cannot be made by amendment. *Snyder* v. *Harper*, *supra*, implies that a cause of action under our statute might have been set up in a separate count in plaintiff's original declaration; but the fact that, under the ruling in that case, it might have been so set up, does not mean that it may be set up by way of amendment. This is clearly stated in the *Snyder* case, and that case has never been overruled or departed from in any way.

We entertain doubt as to the regularity of the motion to strike which the court below sustained. Code, 56-4-36, provides: "The sufficiency of any pleading in law or

equity, may be tested by a demurrer. Objections to the filing of any pleading, because of insufficiency, are abolished * * *." The defendant might well have demurred to the second amended and substituted declaration, after the amendments of January 19, 1945, were inserted therein by interlineation; but it elected to make a motion to delete the interlined language, leaving the amended and substituted declaration in the same form it was when presented and permitted to be filed on January 10, 1945. Whether a motion to strike from the declaration certain parts thereof may still be made, or whether the demurrer is the sole method of attacking a declaration, as to any matter contained therein, need not be decided for the reason that, as we view the case, a demurrer to the declaration, with the language in question included, should have been sustained, first, because the interlined matter created a new cause of action which could not be pleaded in the original action by way of amendment, and, second, the effect of such a ruling would have been to leave the declaration as it originally stood, based on alleged negligence; and, on that theory, as we have heretofore held, there can be no recovery.

The judgment of the Circuit Court of Kanawha County is affirmed.

*Affirmed.*