SYLVANUS HAMMOND, JR. *versus* DANIEL W. LUDDEN.

Before secondary evidence should be admitted, to prove the contents of a note
in suit, there should be reasonable certainty of its loss ; and that certainty
is not shown, until it appears that the note is not in the possession of any
of the persons, in whose hands there is reason to suppose it may have been.

EXCEPTIONS from the ruling of GOODENOW, J.

ASSUMPSIT on a promissory note of which the defendant
was the maker and the plaintiff the indorsee. It was alleged
by plaintiff that the note had been lost, or had fallen into the
hands of the defendant since the action was instituted.

To account for the non-production of the note at the trial,
and to entitle the plaintiff to prove its contents to the jury,
he offered testimony. The part thereof material to the ques-
tion of law arising in the case, appears in the opinion of the
Court.

To the admission of parol evidence, to prove the contents
of the note, the defendant excepted.

*Washburn,* (with whom were *Record & Walton,*) for plaintiff.

*Ludden,* (with whom was *Fessenden,*) for defendant.

The opinion of the Court was drawn up by

APPLETON, J.—The loss of a note must be proved, before
evidence of its contents can be received. In this case, it ap-
pears, from the testimony of John P. Hodsdon, " that the de-
fendant and one French came into a blacksmith's shop where
he was at work, and wanted to see the notes; that he took
the notes out of his pocket and laid them down on his forge,
and turned round to sharpen some drills, for which a man was
waiting; that, while sharpening the drills, defendant and French
left the shop, remarking that they would not stop then, they
were in a hurry; that, after sharpening his drills, he looked
for the notes and they were gone; that he gave no one
license to take them, and did not know what had become of
them; that he looked in his shop for them, but could not find

them; that he had never inquired of defendant, or any one else, for the notes, and had not seen them since."

For aught that appears, the notes might have been in the hands of the plaintiff. They might have been in the hands of the defendant, who was neither notified to produce them, nor examined on the subject. French may have them, but no questions were asked him. Of the four persons, who were present at the time of the alleged loss, inquiries have been proposed to but one. The note, probably, was not lost. Before there can be reasonable certainty of its loss, all who were present should be examined.

*Exceptions sustained.*

TENNEY, C. J., and RICE, DAVIS, and KENT, JJ., concurred.

NOTE BY GOODENOW, J. — The evidence was sufficient to render it probable that the note was taken from the possession of Hodsdon by the defendant and French, in such manner as to render them liable criminally. Had the fact been otherwise, the defendant could have repelled the presumption by the testimony of himself and that of French. This he neglected to do. The plaintiff was not present at the interview referred to, by the witness; the other person present, was in no way connected with the note, and had no interest in having it destroyed.

French appears to have been the companion, if not the adviser, of the defendant. He, as well as the defendant, called upon the witness for the purpose of *seeing the note.*

Under the circumstances, it seeme to me unreasonable to require the plaintiff to produce either the defendant, French, or the other persons, who happened to be present at the shop of the witness, before he should be allowed to prove the contents of the note, by secondary evidence.