# WHEELING.

## POOLE & CO. v. RICE.

### July 17, 1876.

1. A person contracting as agent will be personally responsible, where, at the time of making the contract, he does not disclose his agency; and in such case the principal is also responsible.

2. A note will not be regarded as an absolute payment or extinguishment of a precedent debt, unless it be so expressly agreed—whether the note received was that of one previously bound, or of a stranger; and it will not be so regarded, even when so expressly received, if such agreement was procured by fraudulent concealments and misrepresentations.

1876.
June Term.

| 9 | 73 |
| 37 | 563 |

| 9 | 73 |
| 45 | 498 |

| 9 | 73 |
| 64 | 276 |

Appeal from, and *supersedeas* to, a decree of the circuit court of Wood county, rendered on the twenty-ninth day of July, 1875, in a suit therein pending in said court, wherein William T. Poole and N. A. Poole, partners in trade, doing business under the firm name of W. T. Poole & Co., were complainants, and George Rice, respondent. The appeal was taken by the respondent.

The opinion of the Court contains a sufficient statement of the facts.

The Hon. James M. Jackson, judge of the said court, presided at the hearing below.

*John A. Hutchinson* for the appellant.

*William H. Small* for the appellees.

GREEN, JUDGE:

This was a suit in equity, accompanied by an attach-

1876.
June Term.

Poole & Co.
v.
Rice.

ment—the defendant being a non resident. It was brought in the circuit court of Wood county, in 1874.

The evidence is contradictory, but the substantial facts appear to be as follows: On December 31, 1873, the plaintiffs received of the defendant, on storage, some two thousand two hundred barrels of oil and gave their receipts to him, individually. He claims that the oil belonged to the Pit Hole Creek Petroleum Company, of which he was President. He admits, however, that he did not, at the time the oil was stored, or afterwards, inform the plaintiffs, that in storing this oil he was acting as the agent of the Company. On August 5, 1874, he called on the plaintiffs' clerk for a statement of the account, and requested him to make it out in the name of the Company. It had been charged, on the plaintiffs' books, to George Rice, individually. The clerk, accordingly, so made out the account and handed it to the defendant. One of the plaintiffs' sons was in the office, when this application was made, but it does not appear that he had any knowledge thereof. The defendant lived in the State of Ohio. On September 2, 1874, he came to Parkersburg, where the plaintiffs lived. The Company was then utterly insolvent, though they owned a large amount of property in West Virginia; and their insolvency was unknown to the plaintiffs. The defendant, as the President of the Company, was intimately acquainted with all their affairs, and well knew that they were utterly insolvent. He called on the plaintiffs, paid to them one-half of the storage account, which was charged on the books to him, without saying anything about the oil belonging to the Company, and asked for thirty days on the balance—$976. 30. The plaintiffs, or the one of them who was present, at first declined to wait the thirty days for this balance. The defendant stated that he had been at considerable expense and outlay in building a large tank, at Marietta, Ohio, putting down oil wells, &c., and that he had sold the oil on time, and he thought he should have the

credit he asked. The plaintiffs then assented to giving the credit, and the defendant drew the note, in the name of the Company, payable to the order of the plaintiffs, and negotiable, at The First National Bank of Parkersburg, for $976.77. While he was drawing the note the plaintiff observed that it was drawn in the name of the Company; and payable to the order of the plaintiffs, and suggested that it should be drawn payable to the order of the defendant, and by him endorsed. The defendant objected, and upon his assurance that the note would be paid, at maturity, the plaintiff received the note, as it had been drawn—and, thereupon, the defendant, in his own name, individually, drew orders on the plaintiffs for the whole amount of the oil, to be delivered to parties to whom he had previously sold the oil. The oil was, accordingly, delivered. On the same day, either just before, or just after, this arrangement, the defendant made an affidavit, that the Company was justly indebted to him in the sum of $28,234.17, that they were non residents of the State and that he was about to bring suit therefor. And on the same day he instituted his suit in Wirt county against the Company, accompanied by an attachment, which was levied on all their property, a very minute list of which was furnished to the sheriff, by the plaintiff, in that action. On the sixteenth day of October, 1876, the court rendered its final judgment in that case, for the whole amount of plaintiff's claim and ordered a sale of the attached effects. This sale was made and the plaintiff, in that suit, Rice, became the purchaser of nearly all the property. The proceeds of the sale did not pay his debt. When the note of the Company, to the plaintiffs in this suit, became due, no part of it was paid. At the request of Rice this note was renewed for fifteen days, and when so renewed the plaintiffs were still in ignorance that the defendant had attached all the property of the Company, in his suit in Wirt county. Before the fifteen day note became payable the defendant had recovered his judgment against the Company and the

order had been made to sell all their property. When the fifteen day note became due, no part of it being paid, it was duly protested. On the twenty-fifth of July, 1875, the circuit court, on the hearing of this cause, rendered its decree in favor of the plaintiff, and ordered a sale of the attached effects. From this decree the defendant has appealed to this Court. There can be no question that the defendant, individually, owed on September 2, 1874, this debt to the plaintiffs, whether the oil stored belonged to himself or to the Company ; though he claims that the oil belonged to the Company. Yet he does not pretend that when he had the oil stored by the plaintiffs he disclosed the fact that the oil belonged to the Company, and the plaintiffs knowing nothing about his agency charged the storage to him. It is well settled that a person contracting as agent will be personally responsible, where, if at the time of making the contract, he does not disclose the fact of his agency. *Winsor v. Griggs,* 5 Cush. 210 ; *Mauri v. Heffernan,* 13 Johns. 58.

If the oil really belonged to the Company, as the defendant claims, and the weight of the evidence seems to establish that it did, then it is equally clear that the plaintiffs, on the second day of September, 1874, had a claim, not only against the defendant, but also against the Company, for the amount of the storage. See *Thompson v. Davenport,* 9 B. & C. 78.

Did the transactions of September 2, 1874, operate as a release of the defendant from all liability and a substitution of the Company as the sole party thereafter responsible to the plaintiffs? We think clearly not. A bill or note ought not to be regarded as an absolute payment or extinguishment of a precedent debt, unless it be *so expressly agreed.* And that, too, whether the bill or note received is that of one of several previously bound, or of a stranger, or supposed stranger, to the transaction. *Clark v. Mundal,* 1 Salk. 124 ; *Tobey v. Barber,* 5 Johns.

68 ; *Johnson v. Weed*, 9 Johns. 310 ; *Glenn v. Smith*, 2 Gill & Johns. 493 ; *Schemerhorn v. Loines*, 7 Johns. 311 ; *Kean v. Dufresne*, 3 S. & R. 233 ; *Sheehy v. Mandeville & Jameson*, 6 Cranch 264. But if it had been so expressly agreed, under the circumstances in this case, the defendant would not be discharged from his liability, for the fraud of the defendent would have rendered void such contract. *Willson v. Force*, 6 Johns. 110 ; *Arnold v. Crane*, 8 Johns. 80 ; *Martin v. Pennock*, 2 Barr 376.

The defendant, the President of the Pit Hole Creek Petroleum Company, well knowing that the Company was utterly insolvent, came to Parkersburg, for the purpose, doubtless, of taking the necessary steps to issue an attachment in Wirt county against all the property of the Company, which lay in Wirt county, to satisfy a debt due him of upwards of $28,000—to obtain a release of the lien which the plaintiffs had on the oil which was stored with them in order that he might have it delivered to parties to whom it was already sold, that he might receive from them the purchase money, and to escape, as far as possible, from paying the plaintiffs' charges of storage and without mentioning the Company to the plaintiffs at all he got them to agree to take one-half of their storage charges in cash and to extend to him a credit of sixty days on the other half of these charges. This he got them to do, as also to deliver the oil on his order, by telling them that he had been at extraordinary expense in building a tank and other work, and that he had sold this oil on a credit—leaving doubtless on their minds, at the time, the impression, that if the credit was given they would be paid out of the sale of the oil. When he undertook to draw up the note at thirty days, for the one-half of these charges, without having said a word about the Pit Hole Creek Petroleum Company, he draws the note in their name, payable to the plaintiffs, and signs it with the name of the Company, by himself the President. And when the plaintiffs object to this note, in

that form, and proposes that it should be drawn payable to his order, and by him endorsed, he induces them to take it, by assuring them it will be met at maturity. He gets the oil delivered upon his order to the purchasers, receives all the purchase money and issues his attachment and has it levied—But the note becoming due before he obtains his judgment, the plaintiffs being ignorant that any such attachment had issued in another county, he asks and obtains a renewal of this note, doubtless that he might have a judgment against the Company before that fifteen day note became due. He obtained his judgment, and when the fifteen day note became due refused to pay any part thereof. His conduct was, obviously, fraudulent, and vitiates the agreement, if any such can be inferred, whereby he was released. He succeeded by his fraud in obtaining a release of the oil on which the plaintiffs' had a lien, but he has failed to relieve himself from his personal liability to pay for the storage of the oil.

The judgment appealed from must be affirmed with costs and damages to the appellee according to law.

The other Judges concurred.

JUDGMENT AFFIRMED.