## CITY BANK v. TAYLOR.

1. **Promissory Notes**: PAYMENTS TO PAYEE AFTER INDORSEMENT: MAKER NOT PROTECTED. Negotiable promissory notes were indorsed before maturity as collateral security, and the holder sued the maker thereon, who plead payment to the original payee: *held* that such payment was no defense, unless it was shown to have been made by the authority, or with the consent, of the holder, or to have been subsequently accepted or ratified by him.

*Appeal from Marshall District Court.*

THURSDAY, DECEMBER 7.

THIS is a suit, aided by attachment, upon seven promissory notes executed by the defendants to the order of Hulbert Bros., and by them indorsed before maturity, and held by the plaintiff as collateral security for money advanced to Hulbert Bros. The defendant for answer alleges that the notes were fully paid in money and property to Hulbert Bros., who were authorized by plaintiff to receive such payment. The defendant also alleges that the attachment was wrongfully and maliciously sued out, and claims damages therefor in the sum of $500. The cause was tried to a jury and a judgment was returned in favor of the defendant for $98.60. Upon the filing of a motion in arrest of judgment, the defendant offered to remit all damages awarded by the jury, whereupon the motion in arrest of judgment was overruled, and judgment was entered against the plaintiff for costs. The plaintiff appeals. The material facts are stated in the opinion.

*Hunt & Holt* and *Caswell & Meeker*, for appellant.

*Sutton & Childs*, for appellee.

DAY, J.—The evidence shows that the notes were indorsed to the plaintiff before maturity, and were held by it as collateral security for advancements made to Hulbert Bros.

City Bank v. Taylor.

Upon this branch of the case the court instructed the jury as follows: "There is no conflict of evidence as to the fact that plaintiff held the notes before maturity. The law presumes the assignment to plaintiffs of the notes was for value, and no proof is offered to show that the consideration was not sufficient to sustain the right of plaintiffs to the notes. Unless, therefore, the plaintiff authorized defendant to pay Hulbert Bros., or consented thereto before or after payment made to them, or authorized Hulbert Bros. to receive the pay, or consented thereto after any payment made to them, then the plaintiff is entitled to judgment for the notes and interest, and you should so say by your verdict."

This instruction properly presents the law of the case. The abstract purports to contain all the testimony introduced or offered in the case. We are unable to find in it any evidence whatever that the plaintiff authorized the defendant to pay Hulbert Bros., or consented thereto, either before or after payment. The only testimony on the subject is that of the defendant, that about the time the first note matured she was told by McQuiston, an employee in the bank, that the bank had a note due on her on the organ, to which she replied: "I will see about it;" and he said "it was all right for me to go and see about it; he said I had better go and see about it." I dont remember anything else he said only "I had better see Hulbert Bros." This statement of McQuiston cannot, in any fairness, be construed to authorize the defendant to pay the notes to Hulbert Bros. The verdict is, in our opinion, altogether wanting in support from the evidence. This view of the case renders it unnecessary to consider the other errors assigned and discussed.

REVERSED.