# CHARLESTON.

## STATE *v.* MARTIN.

### (DENT, JUDGE, absent).

Submitted June 13, 1893.—Decided December 6, 1893.

1. CRIMINAL PROCEEDINGS—RECORD.
   An issue to be determined by inspection of the record must be tried by the court, not by a jury.

2. CRIMINAL PROCEEDINGS—ARREST OF JUDGMENT—RECORD.
   On motion in arrest of judgment, the judgment can not be arrested except for errors apparent in the record.

3. CRIMINAL PROCEEDINGS—GRAND JUROR—INDICTMENT.
   The incompetency or disqualification of of a grand juror is no ground to abate or quash the indictment. Code, c. 157, ? 12.

4. CRIMINAL PROCEEDINGS—CIRCUIT COURT—MISTAKES.
   The Circuit Court has control over all proceedings had during the same term, or in the office during the preceding vacation. It may set aside any such proceedings, or correct any mistake therein, and make such order concerning the same as may be just. See Code, c. 125, ? 60

5. CRIMINAL PROCEEDINGS—SHERIFF—PROCESS.
   The sheriff or his deputy will be permitted to amend his return of process, mesne or final, so as to make it conform to the facts.

W. R. D. DENT, for plaintiff in error.

ATTORNEY GENERAL T. S. RILEY for the State. Counsel filing same briefs as in *State* v. *Shanley*.

HOLT, JUDGE :

At the April term, 1892, of the Circuit Court of Taylor county, the grand jury returned a true bill of indictment against defendant, Martin, for selling unlawfully spirituous

liquors. At the June term, 1892, defendant moved the court to quash the indictment. This motion the court properly overruled, the indictment being in proper form.

At the April term, when the indictment was found, of the sixteen members summoned by the sheriff only twelve were qualified to act. Thereupon, under section 4, c. 157, of the Code, the sheriff was directed to summon four others, and pursuant to the order he forthwith summoned George M. Whitescarver and three others; Mr. Whitescarver, who acted as foreman being one of the jury commissioners who selected the list of jurors. The clerk took the list of sixteen as returned by the sheriff, struck out the names of the four disqualified grand jurors, and substituted the names of the four summoned by the sheriff to take their places. As it stood, it appeared as if those on the corrected list had been summoned by the sheriff before that time. The sheriff, by leave of the court, corrected his return so as to make it correspond with the fact. In this there was no error. *Stone* v. *Wilson*, 10 Gratt. 529; *Wardsworth* v. *Miller*, 4 Gratt. 99.

These facts defendant set forth in a plea in abatement, averring that the pretended grand jurors who found the indictment were not selected, drawn, summoned, or impanelled according to law, and therefore he prayed judgment of the indictment that it might be quashed.

At the September term, 1892, defendant tendered this plea in abatement, and the attorney for the state moved to. reject the same. This motion should have been sutained, and the plea rejected; for the only material part was then shown by the record to be untrue; but the court permitted it to be filed, and the state took issue on it. The defendant then moved the court to have the issue on the plea tried by a jury; but the court refused, and proceeded itself to try the issue, and found that the material allegations were not true. In this there was no error, for the material facts were matters of record, and therefore triable by the court, and not by a jury.

Defendant then moved to quash the panel of the petit jurors drawn and in attendance at the September term, because George M. Whitescarver, who is one of the jury

commissioners of the court, is the same George M. White-scarver who was foreman of the grand jury which found the indictment; but the court overruled the motion, and properly: (1) Because the fact that he is a jury commissioner does not disqualify him for serving on the grand jury; (2) because no presentment or indictment shall be abated on account of the incompetency or disqualification of any one or more of the grand jurors who found the same, (section 12, c. 157, Code) for if the fact that he was a jury commissioner disqualified him for serving on the grand jury, such disqualification did not affect the indictment found. Neither did his service on the grand jury *ipso facto* oust him of his office of jury commissioner, if it could be made a good ground for such ouster.

Defendant then pleaded not guilty, was tried by a jury, who found him guilty, and defendant moved in arrest of judgment. This motion the court, after taking time to consider, overruled, and properly, because judgment can not be arrested except for errors apparent on the record, and, as we have already seen, no such errors appear.

All these points and rulings being saved to defendant, he brought the case here by writ of error; and the matters arising upon the record being considered, and no error appearing, the judgment rendered by the Circuit Court is affirmed.