Little *et al.*

*v.*

Slemp.

*(Supreme Court of Appeals of Virginia, July 15, 1897.)*

[27 S. E. Rep. 808.]

**Evidence—Admissions in Court.**

Admissions of parties in open court that their claims have been paid and their liens satisfied form evidence of an extremely satisfactory character.

Appeal from circuit court, Russell county.

Bill in equity by H. C. Slemp against William A. Little, Jr., and others, for the sale of land. Sale decreed. Certain defendants appeal. Affirmed.

*Little & Little,* for appellants.

*Fulton & McDowell, H. A. W. Skeen, J. F. Bullitt, Jr.,* and *Wm. E. Burns,* for appellee.

Keith, P., delivered the opinion of the court.

H. C. Slemp filed a bill in the circuit court of Wise county, in which he avers that James F. Hale sold and conveyed a tract of land in said county, containing 72 acres, to D. F. and A. W. Wells for the sum of $1,743.60, all of which was paid except $238.86, which was payable on the 2d of May, 1892, and which at the filing of the bill was still due to Hale, and constituted a lien upon the aforesaid tract of land.

In June, 1890, D. F. and A. W. Wells sold and conveyed this land to complainant, who agreed to pay the sum of $2,906, —$968.67 in cash, a note for $968.67, a note for $730.10, and a note for $238.86. While these notes were payable to D. F. and A. W. Wells jointly, by an arrangement between them D. F. Wells because the sole owner of the note for $968.67, and A. W. Wells became the sole owner of the note for $730.10, while the note for $238.86 was designed to meet the lien resting upon the land in favor of James F. Hale.

On the 5th day of July, 1890, it appears that Slemp sold and conveyed this tract of land to J. B. F. Mills for the sum of $5,448.75, who paid $3,026.75 in cash, executed his two bonds for the sum of $1,211 each for the residue of the purchase money, payable in 12 and 24 months, respectively, and to secure their payment a lien was reserved upon the face of the deed from Slemp to Mills. Mills on the 14th of July, 1890, sold and conveyed to Thomas J. Nottingham one undivided half interest in said tract of land, and shortly thereafter sold and conveyed one undivided one-fourth interest to Conway R. Sands, trustee, for himself, William A. Little, Jr., Edward J. Folks, and John A. Curtis. Nottingham was dead at the filing of the bill, and his heirs at law and administrator are made parties. The notes which Nottingham gave for the deferred payments on his purchase from J. B. F. Mills are now held by E. M. Fulton and W. E. Addison. It appears that Mills has only paid to the plaintiff $85 as of December 4, 1891, and $200 as of January 31, 1892, and that, subjected to these credits, the whole of the bonds from Mills to Slemp are due and unpaid.

The bill prays that Mills, Hale, Sands, Little, Folks, Wells, and the heirs and administrator of Thomas J. Nottingham, E. M. Fulton, and W. E. Addison be made parties defendant ; that a decree may be rendered against Mills for the sum of $2,442, with interest thereon, subject to the credits set out ; that Mills be allowed to pay $238.86, with the accrued interest, to James F. Hale, and, in default of the payment of these sums, that the

land may be sold, or so much thereof as may be necessary, and that out of the proceeds there be first paid $238.86, with accrued interest, to James F. Hale ; that the debt to D. F. Wells and to the estate of A. W. Wells be next paid ; and that the residue of the purchase money due and owing by Mills be paid to the complainant.

D. F. Wells, J. C. Maynor, guardian ad litem of certain infant defendants, H. C. Slemp, administrator of A. W. Wells, and E. M. Fulton filed their answers to this bill, and J. B. F. Mills, Conway R. Sands, William A. Little, Jr., Edward J. Folks, and John A. Curtis filed their separate and joint answer, and asked that they be treated as cross bills.

On the 13th of April, 1893, this cause came on to be heard before the circuit court of Wise county, and thereupon D. F. Wells and H. C. Slemp, administrator of A. W. Wells, appeared by their attorney in open court, and acknowledged that they, and each of them, had received the full amount of purchase money due them upon the land in controversy ; H. C. Slemp also acknowledged that he had received the full balance of the purchase money due to him ; and James F. Hale, by E. M. Fulton, his attorney, acknowledged that he had received the full balance of the purchase money due to him.   The decree then recites that, the cause coming on to be heard upon the acknowledgments aforesaid of the said parties ; upon the answer of J. B. F. Mills, treated as a cross bill against Conway R. Sands ; upon the answer thereto of Conway R. Sands, trustee, for himself and W. A. Little, Jr., Edward J. Folks, and John A. Curtis ; upon the answers of Little, Folks, and Curtis to the original bill, and the replications thereto ; and upon the admission of J. B. F. Mills, by his attorney, made in open court, that he did on the 4th day of April, 1893, assign to H. C. Slemp $1,251.63 out of the two notes executed by Sands, trustee, and others, to Mills, set forth in the answer and cross bill of the said Mills ; and it appearing that the process on the answer and cross bill of Mills had been duly served upon all the defendants,

and that process has been duly served upon W. E. Addison, and that both the said bill and cross bill had matured,—it was therefore adjudged, ordered, and decreed that Mills recover of Sands, Little, and Curtis the sum of $1,500, with interest from the 14th of July, 1890, subject to certain credits recited in the decree; and it was further adjudged and ordered by the same decree that, unless Sands, Little, and Curtis pay the said sum of money to Mills within 30 days, that then H. A. W. Skeen, who was appointed a special commissioner for the purpose, should sell, in the town of Big Stone Gap, to the highest bidder, the undivided one-fourth interest conveyed by Mills and wife to the said Sands, trustee for himself, Little, Folks, and Curtis. The money not having been paid, the commissioners proceeded to execute the decree, and on the 22d day of July, 1893, sold the property to H. C. Slemp at the price of $200.

At a subsequent day, Sands, in his own right, and as trustee for Little, Folks, and Curtis, and the said Little, Folks, and Curtis, in their own proper person, petitioned the court to set aside the decree of April 13, 1893, and for cause of error therein they say that the decree brings the cause on to be heard, upon the admissions in open court of the administrator of A. W. Wells, deceased, of H. A. W. Skeen as attorney for Slemp, and of Mills, that he did assign the alleged claim, or most of it, to H. C. Slemp.

Another ground of error is that some of the parties to the suit were dead when the decree was entered, but of this there is no suggestion in the record prior to the decrees complained of, indeed it only appears in the petition to rehear; and still another ground of error insisted upon is that there should have been an account of the liens upon the property and of their priorities before the sale was ordered.

The cause came on again to be heard upon the report of the special commissioner. A resale of the property was ordered, upon the terms set forth in the decree, and the cause was removed to the circuit court of Russell county.

On the 14th day of August, 1894, the cause came on again to be heard, when the petition for rehearing was dismissed, and Commissioner Skeen was again ordered to sell. From this decree Conway R. Sands, as trustee for himself, W. A. Little, Jr., Edward J. Folks, and John A. Curtis, applied for and obtained an appeal; but, the bond required not having been executed, the supersedeas never became effectual. The commissioner therefore proceeded to sell, and filed his report of sale dated February 20, 1896, and on March 5, 1896, the cause came on again to be heard upon his report of sale, which was confirmed. Thereupon Little, Folks, Curtis, and Sands again applied for and obtained an appeal and supersedeas. The grounds of error alleged are those set out in the petition which they filed asking to have the decree of April 13, 1893, set aside.

We are of opinion that there is no error in the record. The admissions of parties given in open court are not only admissible evidence, but are evidence of the most satisfactory character to establish the payment of a debt, or the satisfaction of a lien. They in no wise affect the rights of the appellants, and no one else has been heard to complain.

Nor was there any necessity for an order of reference to ascertain the liens, because they were sufficiently established by the decree, which was, as we have seen, based upon admissible and sufficient testimony.

As to the charge of fraud contained in the answer and cross bill of Sands, Little, Folks, and Curtis, it is enough to say that there is not a particle of evidence to sustain it.

Upon the whole case, we are of opinion that there is no error to the prejudice of the appellants, and the decrees are therefore affirmed.