# CHARLESTON

Dempsey v. Poore *et al.*

Submitted September 29, 1914.　Decided October 13, 1914.

1. Pleading—*Declaration—Amendment—Departure.*
   The amendment of a declaration so as to show that the promise originally declared on as made jointly by two, was in fact made by four persons, two of whom died before the action was brought, is not a departure for the original cause of action. (p. 108).

2. Descent and Distribution—*Liability of Heir—Contract of Ancestor.*
   The heir is not personally liable for the promise of his ancestor. (p. 109).

3. Judgment—*Motion in Arrest.*
   Motion in arrest of judgment is proper only in case of error apparent on the face of the record, which vitiates the proceedings. (p. 109).

Error to Circuit Court, Mingo County.

Action by James A. Dempsey against Lula Poore and others. Judgment for plaintiff, and Lula Poore brings error.

*Reversed and Remanded.*

*G. R. C. Wiles,* for plaintiff in error.

*John L. Stafford,* for defendant in error.

Williams, Judge:

Lula Poore was awarded this writ of error to a judgment recovered against her and Joseph H. Dempsey by James A. Dempsey in an action of assumpsit tried in the circuit court of Mingo county.

Four errors are assigned: (1) overruling the demurrer to the amended declaration; (2) refusal to set aside the ver-

dict; (3) refusal to give defendants' instruction No. 2; and (4) overruling motion in arrest of judgment.

The first assignment is not well taken. The demurrer raised the objection that the amended declaration was a departure from the original cause of action. It was not. The same cause of action is averred in both the original and in the amended declarations, the only difference being that in the original declaration the joint promise is averred to have been made by the two defendants who are sued, while in the amended declaration the same promise is alleged to have been made by the same two defendants and by two other persons both of whom died before suit. That is not a departure, nor a material variance. *Clark* v. *O. R. R. Co.,* 39 W. Va. 732, and *Kuhn* v. *Brownfield,* 34 W. Va. 252. If the deceased promissors had been living and plaintiff had failed to make them parties he would have been permitted to do so by amendment. Sec. 19, Ch. 125, Code; 1 Ency. Dig. Va. & W. Va. Cases, 326. Courts are liberal in allowing such amendments in declarations as tend to promote fair trials and determinations of the matters in controversy. *Snyder* v. *Harper,* 24 W. Va. 206. The death of one joint promissor does not release the surviving promissors.

The court should have set aside the verdict as to Lula Poore as being contrary to the evidence. Plaintiff sued on a promise alleged to have been made by his brother Joseph H. Dempsey, Estella Thompson, W. A. Thompson, and Lula Poore, to pay him the sum of $500 for services in procuring a lease of certain coal lands owned by them. James A. and Joseph Dempsey and Estella Thompson were brothers and sister, and W. A. Thompson and Lula Poore were the only children of Estella Thompson. Mrs. Thompson and W. A. Thompson both died before the suit was brought. Plaintiff testified that the promise was made at Mrs. Thompson's house and that she, his brother and W. A. Thompson were present. There is no proof whatever that Lula Poore was present and made such promise then or at any other time, or that she authorized anyone else to make it for her. She testified that she was not present and knew nothing of plaintiff's employment to make the lease of the land, ·

if he was actually employed.  That Mrs. Poore was jointly interested in the coal leased would not make her liable for the promise of her co-tenants, made without her knowledge or authority.

Upon the death of her mother and brother she inherited their respective interests in the coal, but that did not make her personally liable for their contract.  Hence, it was error to refuse defendant's instruction No. 2 which would have told the jury that her mother's promise was not binding on her.

After moving to set aside the verdict, defendant moved in arrest of judgment.  Such motion is proper only when there is error apparent on the face of the record, which vitiates the proceedings.  *Gerling* v. *Insurance Co.*, 39 W. Va. 689; *State* v. *Martin*, 38 W. Va. 568; and *Hughes* v. *Frum*, 41 W. Va. 445.  No such error was apparent and the motion was properly overruled.

The judgment is reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and Remanded.*