# CHARLESTON.

## WYOMING COUNTY BANK *v.* D. S. NICHOLS

### (No. 5612)

### Submitted April 27, 1926.    Decided May 4, 1926.

1. BILLS AND NOTES—*Renewal Note is Not Payment or Discharge of Original Obligation, in Absence of Agreement to That Effect.*

   A renewal note is not a payment or discharge of the original obligation, in the absence of an agreement to that effect. (p. 555.)

   (Bills and Notes, 8 C. J. §§ 656, 793.)

2. SAME—*Pledgee of Note, Accepted in Good Faith as Security for Loan to Payee, is "Holder in Due Course" (Code, c. 98A, § 52).*

   The pledgee of negotiable note accepted in good faith as collateral security for a loan to the payee is a holder thereof "in due course" under Sec. 52, Ch. 98A, Code. (p. 557.)

   (Bills and Notes, 8 C. J. § 702.)

3. SAME—*Payment of Note by Maker to Original Payee, Who Does Not Surrender Note, is Made at Peril of Maker.*

   When payment of a negotiable note is made by the maker to the original payee, who does not surrender the instrument, such payment is at the peril of the maker. (p. 556.)

   (Bills and Notes, 8 C. J. § 812.)

4. SAME—*Where Notes Were Pledged by Payee Prior to Maturity to Bank as Collateral Security for Loan, Payment by Maker to Payee, Without Notice of Pledge Was no Defense to Suit on Notes by Bank.*

   Negotiable notes are pledged by the payee prior to maturity to a bank as collateral security for a loan. Upon maturity of the notes the maker, who has no notice of the pledge, pays the payee. Such payment is no defense by the maker to a suit on the notes by the bank. (p. 556.)

   (Bills and Notes, 8 C. J. §§ 836, 1060.)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Wyoming County.

Action by the Wyoming County Bank against D. S. Nichols on notes.    Defendant's motion for a directed verdict was

granted, and that of plaintiff for a directed verdict was over-ruled, and plaintiff brings error.

*Reversed; judgment entered.*

*F. E. Shannon,* for plaintiff in error.

*Grover C. Worrell* and *J. Albert Toler,* for defendant in error.

HATCHER, JUDGE:

On August 21, 1920, the defendant D. S. Nichols executed a deed of trust on property in Wyoming County to secure to Hiram Sizemore the payment of four notes of $875.00 each, due in 8, 14, 20, and 26 months from date, respectively. The two of these notes last maturing are negotiable notes in regular form, and contain no reference to the deed of trust. On July 7, 1921, Sizemore borrowed $500.00 from the plaintiff Wyoming County Bank, and assigned to the bank as collateral security the said two notes of defendant. On the strength of this security, Sizemore borrowed $1500.00 more from the bank on October 5, 1921. The two loans to Sizemore were consolidated in a note for $2000.00, which has never been paid. The note was renewed from time to time, the last renewal being dated January 1, 1925. Shortly after the last renewal Sizemore died, insolvent. The Nichols notes were sold on May 2, 1925, in accordance with the terms of the collateral agreement executed by Sizemore, at which sale they were purchased by the plaintiff. This action was brought in the circuit court of Wyoming County to enforce the collection of the notes with interest.

At the trial the defendant testified that he had paid to Sizemore each of these notes at or about maturity. He exhibited a release of the deed of trust by Sizemore, dated January 9, 1923, which had been admitted to record in the office of the clerk of the County Court on January 31, 1923. He explained that when the notes were paid, Sizemore told him that they were in a safety deposit box, and that they would be mailed to him later; that he forgot about the notes; and

that he knew nothing about the Bank's connection with them until February, 1925, when the Bank requested him to pay the notes.

The Bank proved that its officials had no information of the deed of trust or defendant's payment of the notes to Sizemore until February, 1925, when it was so informed by defendant.

At the close of the evidence, the plaintiff and the defendant each moved the court for a directed verdict. The court overruled the motion of the plaintiff, but granted that of defendant.

There is no conflict in the evidence, and the case presents solely a question of law.

The position assumed by defendant's counsel is as follows: "Although the notes in controversy were not due at the time they were first accepted as collateral security by the plaintiff, yet each time the principal note was renewed and the time of payment extended and the notes in controversy accepted as collateral, such contract constituted a new and distinct contract in so far as the collateral was concerned, and when the notes in controversy were accepted as collateral, after they had been paid by defendant to the payee, and after past due, the plaintiff ceased to be a holder in due course, and accepted said notes subject to all the equities between the payee and the defendant, the circumstances being sufficient to constitute notice of the infirmity in the instrument and the defective title of the payee."

The theory advanced and the authorities cited by counsel for defendant do not apply to the facts in this case. Here there was no agreement that the renewal notes should extinguish the former debt. There is nothing in the acts of Sizemore and the Bank from which such an intention could be implied. The money was loaned in the first instance on the strength of the collateral security. The contract between the Bank and Sizemore, both as to the collateral and as to his loans, was never changed except as to time of payment. When the original and the several renewal notes of Sizemore fell due and were not paid, he was simply given more time. The

renewal notes evidence these extensions. They simply suspended the Bank's right of action. The obligation acknowledged by Sizemore in his last note is the same, both as to amount due and rate of interest, as when the money was first borrowed. In such case the weight of authority is that "The giving of a renewal note does not operate as a payment or discharge in the absence of an agreement to that effect." 5 Uniform Laws Ann. 414 Sec. 9 (citing decisions from twenty-one States) ; Ogden Neg. Inst. II Ed. par 182, p. 218; Joyce Defenses to Commer. Paper, II Ed. par. 966, p. 1316; 8 C. J. par. 656, p. 443.

Neither did the acceptance of renewal notes from Sizemore release or change the status of the Bank toward the pledged notes of defendant. 8 C. J. par. 654, p. 442; A. & E. Ency. Law, 871; 21 R. C. L. par. 18, p. 653-4; Jones Col. Sec. pars. 355a, 541; Daniel Neg. Inst. par. 748; Joyce *supra*, par. 560, p. 759; 31 Cyc. 821 (d).

It is very unfortunate that the defendant paid Sizemore without demanding his notes. In giving negotiable notes the defendant was bound however, to take notice that someone other than the payee might legally possess them at maturity. The defendant therefore paid Sizemore and accepted Sizemore's excuses for not producing the notes, *at his peril.* 3 R. C. L. par. 521. His payment to Sizemore is insufficient as against the rights of the Bank. "Payment to a prior holder does not discharge a negotiable instrument in the hands of a subsequent holder in due course." *Manchester* v. *Parsons,* 75 W. Va. 793. 8 C. J. par. 835, p. 598; Joyce *supra,* par 977 p. 1334. "A pledgee of negotiable paper before maturity is not affected by a. payment made by the maker to the payee, though made in good faith, without knowledge of the assignment of it by the payee as collateral security, unless the maker can prove that such payment was made with the knowledge and consent of the pledgee, or was subsequently ratified by him." Jones Col. Sec. p. 108, par. 89; *Davis* v. *Miller,* 14 Gratt. 1; *Anderson* v. *Bank,* 117 Va. 1; *Bank* v. *Taylor,* 60 Iowa 66; *Best* v. *Crall,* 23 Kas. 482; *Gosling* v. *Griffin,* 85 Tenn. 737.

The release of the deed of trust by Sizemore had no effect on the rights of the Bank. *Bank* v. *Coal Co.* 89 W. Va. 659 (663). There can be no question that the Bank is such "a holder in due course" as is contemplated in Sec. 52, Ch. 98A, Code. The defendant's notes are "complete and regular" on their faces. The Bank became their holder before they were "overdue" and took them "in good faith and for value". "Where a negotiable instrument is transferred as collateral to secure a valid pre-existing debt, by being properly indorsed and delivered—so that the transferee becomes a party to the instrument, and he takes the same before maturity, in good faith, and without notice of equities, he thereby becomes, without more, a holder for value, in the usual course of business." *Hotchkiss* v. *Co.*, 41 W. Va. 358, pt. 3 Syl.; Joyce, *supra,* par. 667; Jones, *supra,* par. 89; 21 R. C. L. par. 24, p. 660.

The order of the lower court will therefore be set aside and judgment entered here for the plaintiff:

,    *Reversed; judgment entered.*