E. L. MORRISON, *Receiver, etc. v.* J. I. JUDY *et al.*

(No. 9011)

Submitted February 18, 1941.   Decided March 15, 1941.

*Love & Love,* for plaintiffs in error.
*Mahan, Bacon & White,* for defendant in error.

Fox, Judge:

Plaintiff below prosecutes this writ of error to a judgment of the Circuit Court of Fayette County, based on a directed verdict in favor of defendant, C. Earl Lewis. The parties will be referred to herein as they stood in the court below.

In a proceeding by notice of motion, returnable on the 9th day of July, 1934, plaintiff sought to recover from J. I. Judy, Ernest Boyd and C. Earl Lewis the sum of $1414.00, with interest, evidenced by a note purporting to be signed by them, dated the 27th day of July, 1931. The notice was served on Judy and Boyd, and judgment recovered against Judy on July 11, 1934, and the case continued generally as to Lewis and Boyd. A default judgment was recovered against Boyd on August 14, 1936. The notice was not served on C. Earl Lewis prior to the date of the judgment against Judy, but it was subsequently served and he appeared thereto, filed his counter affidavit denying liability, and also his plea of *non est factum,* to which plea the plaintiff made a special replication. A trial before a jury in October, 1934, resulted in failure to agree upon a verdict. Nothing was done in the case as against Lewis until in December, 1938, when the plaintiff appeared in court, and, by leave of court, filed his amended notice of motion for judgment, accompanied by an affidavit. The defendant, Lewis, filed a counter affidavit and a plea in abatement, the latter averring that the supposed cause of action did not arise in Fayette County, but in the County of Summers, and that he, Lewis, resided in Summers County and not in Fayette County. The defendant also

filed his demurrer to said amended notice, his motion to strike the same from the record, and also his special pleas numbers two and three, special plea number two being that of the statute of limitations, and special plea number three setting up other grounds of defense not involved on this writ. The original notice of motion sought judgment for a sum of money alleged "to be due and payable and evidenced by a negotiable promissory note * * * dated July 27, 1931." The amended notice of motion, which seeks to recover judgment against Lewis only (judgment having been theretofore recovered against the other defendants), seeks a judgment for $1650.61, with interest from the 9th day of July, 1934, and avers that said Lewis, together with J. I. Judy and Ernest Boyd, "borrowed from the Bank of Pax the sum of $1515.00, and jointly and severally obligated yourselves as the makers of said obligation to repay the same with interest," and "that said original obligation has never been paid to the said Bank of Pax or to E. L. Morrison, Receiver of said bank." The notice also stated that the plaintiff would not rely upon the note described in the original notice of motion, and would not join issue upon the plea of *non est factum* filed by Lewis, but would confess judgment thereon. The amended notice, as originally filed, did not mention the note of January 27, 1930, but referred only to an obligation, and did not contain the following language: "* * * which note is not in the possession of the plaintiff and its whereabouts are to the plaintiff unknown." The word "note" was substituted for the word "obligation," making the notice, as finally perfected, state that the plaintiff would rely upon the original note "created" on January 27, 1930. The language above quoted with respect to the absence of the note appears in the amended notice, as finally framed. The plea in abatement and the demurrer and motion to strike were overruled, and a trial on the issue resulted in a directed verdict in favor of the defendant, on the ground, as stated by the court and appearing in the record, that the evidence did not show non-payment of the note in question. During the course of the trial, the plaintiff offered in evidence

portions of the testimony of C. Earl Lewis, given on the former trial of this action, which testimony, as vouched for, would have tended to show that on said trial, Lewis admitted having signed the original note and two renewals thereof. The court refused to permit this evidence to go to the jury. The loss of the original note, or the failure to locate the same among the notes of the Bank of Pax, was shown by Thomas Boone, assistant receiver, who, in that capacity, had possession of the notes and papers of the bank.

The questions to be considered on this writ of error may be stated as follows: (1) Was the amendment to the original notice of motion proper. (2) Did the statute of limitations apply. (3) Should the court have rejected proof of the testimony of C. Earl Lewis, given on the former trial, to the extent that the same tended to show an admission against interest. (4) Did the plaintiff make a *prima facie* case entitling him to judgment. These questions are raised upon the assignment of error by the plaintiff and upon cross-assignment by the defendant. We shall discuss them in the order stated.

The right of amendment is covered generally by Code, 56-4-24, wherein it is provided that:

> "The plaintiff may of right amend his declaration or bill at any time before the appearance of the defendant; and, notwithstanding such appearance, in any action, suit, motion or other proceeding, the court, if in its opinion substantial justice will be promoted thereby, may, at any time before final judgment or decree, and upon such terms as it may deem just, permit any pleading to be amended, * * *."

The section further provides, in effect, that an amendment may not change the cause of action, and that no proceeding by notice of motion shall be converted by amendment into a formal action at law. This section expressly provides that a proper amendment may be made at any time before final judgment or decree, and, by inference, if not by express language, permits an amendment to a notice of motion for judgment.

While a rule of liberality has prevailed in the matter of amendments, and a wide discretion is vested in the trial court with relation thereto, it has always been held that an amendment may not change the cause of action. The subject was ably discussed by Judge Green in *Snyder* v. *Harper,* 24 W. Va. 206. See also, *Edgell* v. *Smith,* 50 W. Va. 349, 40 S. E. 402. On the other hand, where the identity of the cause of action is maintained throughout, an amended pleading which does nothing more than present grounds for recovery for the same cause of action, though different from those stated in the original pleading, is permitted. *Bird* v. *Stout,* 40 W. Va. 43, 20 S. E. 852; *Cox* v. *Coal & Oil Investment Co.,* 61 W. Va. 291, 56 S. E. 494; *Hanson* v. *Blake, Admr.,* 63 W. Va. 560, 60 S. E. 589; *Dempsey* v. *Poore,* 75 W. Va. 107, 83 S. E. 300. See also, 49 C. J., sections 673 and 680. In tort actions, the same rule is illustrated in the following cases: *Clarke* v. *Ohio River Railroad Co.,* 39 W. Va. 732, 20 S. E. 696; *Mulvay* v. *Hanes,* 76 W. Va. 721, 86 S. E. 758; *Merrill* v. *Marietta Torpedo Co.,* 79 W. Va. 669, 92 S. E. 112, L. R. A. 1917F, 1043; *Bartley* v. *Western Maryland Railroad Co.,* 81 W. Va. 795, 95 S. E. 443. Applying these rules to the case at bar, we are of the opinion that the identity of the cause of action has been clearly maintained throughout this litigation. What the bank's receiver sought in the first instance was to recover the money loaned in January, 1930. He first proceeded on the renewal note, which the bank held, evidencing the loan. One of the makers of the original note contending that he did not sign the renewal note, filed his plea of *non est factum.* The plaintiff went to trial on that issue, but nothing was accomplished because of the failure of the jury to agree. He then proceeded by amending his notice as against Lewis, the only maker of the original note against whom judgment had not been recovered, seeking a judgment against him on the original obligation. In his amended notice, as first framed, he did not refer to the note, but referred to it as an obligation. However, during the course of the trial, the notice was further amended so as to make a case based upon the original note dated January 27, 1930. No

new cause of action was set up. There was only an effort to adjust the pleading to the evidence which could be produced bearing upon the liability of the defendant, Lewis. We think, therefore, the court did not err in permitting the several amendments to the notice of motion.

In addition to the cases cited above bearing upon the right to amend, there is the case of *Ritchie County Bank v. Bee,* 62 W. Va. 457, 59 S. E. 181, in which it was held that:

> "In an action upon a renewal note, unless accepted in absolute payment of the original by express agreement, the plaintiff may of right, upon the filing of a plea of *non est factum* by the defendant, accept such plea and so amend the pleadings as to set up the original note."

This would seem to set at rest any question as to the right of the plaintiff to amend his notice and set up the original note, but it is contended that this ruling should not apply to the circumstances of this case; that the election of the plaintiff to go to trial upon the plea of *non est factum* estopped him from thereafter proceeding on the original note by way of amendment. We are unable to agree with this contention. In the *Bee* case, while the right to amend by reliance upon the original note is upheld in principle, the judgment of the court was affirmed on the ground that the plaintiff having failed to elect to amend his pleading and rely upon the original note, and submitting to a trial upon the plea of *non est factum,* and there being a verdict and judgment in favor of the defendant, this Court could not say that there was error in the judgment obtained; but it did, rather illogically we think, save to the plaintiff the right to proceed upon the original note in a new action. That is not the case here presented. No judgment, or even a verdict, stands in the way of proper amendment to the plaintiff's pleadings. Code, 56-4-24, expressly provides that proper amendments can be made "at any time before final judgment or decree." It is not uncommon for a plaintiff or a defendant,

after a trial in which a verdict is not reached, to amend pleadings within proper bounds, and to have a new trial based thereon.

This suit was originally instituted in Fayette County, and one of the defendants appears to have been a resident of, and to have been served with the notice in, that county. The defendant Lewis may have been served outside of Fayette County, but, at any rate, he appeared to the original notice of motion, and, without objection thereto, submitted to the jurisdiction of the court. Therefore, the plea in abatement can only have reference to the amended notice. We have not been cited to any authority requiring service of the amended notice on the defendant Lewis. No process is necessary on an amended pleading filed by leave of court, unless it be in cases where new parties are brought in. Code, 56-4-25, applies to cases where amended or supplemental pleadings are filed in vacation. *Smith's Admr.* v. *Nelson Bros. & Co.*, 69 W. Va. 550, 72 S. E. 646, Ann. Cas. 1913B, 829. A defendant served with process or notice is supposed at all times to be in court and to be advised of all papers filed in term time.

The statute of limitations does not apply in this case. A proper amendment takes effect as of the date of the institution of the original action. *Hart* v. *B. & O. Railroad Co.*, 6 W. Va. 336; *Lamb* v. *Cecil*, 28 W. Va. 653; *Kuhn* v. *Brownfield*, 34 W. Va. 252, 12 S. E. 519, 11 L. R. A. 700. Even if the case had proceeded to verdict and judgment on the theory of an action on the original obligation, discarding any reference to the note given in evidence thereof, still the original suit having been brought within five years, the statute pleaded would not bar the action; and when we treat the amended notice as referring to the original note in writing, obviously, the ten-year statute of limitations applies. Therefore, in either case, the statute of limitations does not bar recovery.

When this case was tried in October, 1934, defendant, C. Earl Lewis, testified as a witness. According to the proffered testimony of the court stenographer at the former trial, Lewis stated, in effect, that he had signed

the original $1515.00 note and had signed two renewals thereof. The original note not being in the possession of the plaintiff, he undertook to use this testimony to establish the important fact that Lewis had signed the original note to which the notice, as amended, referred. The trial court rejected this testimony on the ground that Lewis was available as a witness; that plaintiff could use him; and that the testimony he had given on the former trial could be used only to contradict him in case his testimony was different from that then given. This, we think, was error. His testimony given on the first trial was clearly admissible as primary evidence of an admission under oath in the same action and as one against interest. *Little v. Slemp,* 2 Va. Dec. 545, 27 S. E. 808; *Houston v. McCluney,* 8 W. Va. 135; *Wilson v. Phoenix Powder Mfg. Co.,* 40 W. Va. 413, 21 S. E. 1035, 52 Am. St. Rep. 890; *Bailey v. Firemen's Ins. Co.,* 108 W. Va. 75, 150 S. E. 365; *Keller v. Norfolk & Western Railway Co.,* 113 W. Va. 286, 167·S. E. 448. The plaintiff was not required to use Lewis as a witness as a preliminary to the use of his admissions on the former trial.

Had this testimony been admitted, there would then have been established a *prima facie* case showing the execution by Lewis of the original note in question. The refusal left the plaintiff without any proof that such note had been executed by Lewis. The note was not in the possession of the plaintiff, and it was not among the papers of the Bank of Pax, as shown by the testimony of the witness Boone. Therefore, the court's error in excluding this testimony was fatal to the plaintiff's case.

The court based its action in directing a verdict primarily upon the ground that the plaintiff had not proven the non-payment of the note in question. When the plaintiff was denied the right to show the execution of the note, as noted above, evidence of payment of the note would have had no relation to any fact proven in the case. But, to establish a *prima facie* case, he was not required to show non-payment. The acceptance of a renewal note will not be treated as payment of the original note, where, as in this case, there is no evidence that it was so intended.

*Poole & Co.* v. *Rice,* 9 W. Va. 73; *Hess, Admr.* v. *Dille, Trustee,* 23 W. Va. 90; *Wyoming County Bank* v. *Nichols,* 101 W. Va. 553, 133 S. E. 129. Therefore, testimony showing the execution of the note in the first instance, and its loss, was all that was necessary to establish such *prima facie* case. The general rule is stated in 8 Am. Jur. 616, section 1032, as follows:

> "The possession of a negotiable instrument by one other than the obligor, bearing on its face no evidence of payment, imports a prima facie existing indebtedness, or, in other words, raises a presumption that the instrument is wholly unpaid, and casts the burden upon the obligor to prove payment."

And in section 1035, it is stated:

> "As a matter of pleading it is necessary for the plaintiff in an action on a bill or note to allege the non-payment thereof, but it is not necessary for him to support such allegations by any proof other than that which is necessarily attendant on the introduction of the note in evidence or its proof in case the note or bill has been lost or destroyed; the rule is elementary that the defendant in an action on a promissory note who asserts that it has been paid in part or in full, has the burden of proving such payment."

In *Dodrill's Exrs.* v. *Gregory's Admr.,* 60 W. Va. 118, 53 S. E. 922, it was held:

> "In an action upon a promissory note, where payment is relied on as a defense, the burden is on the defendant to prove such defense by a preponderance of the testimony."

In the opinion, it is stated:

> "If the note had been held by Dodrill, its introduction in evidence would have made a *prima facie* case; * * *."

See also, *Holdsworth* v. *Anderson Drug Co.,* 118 Va. 359, 87 S. E. 565; *Good* v. *Dyer,* 137 Va. 114, 119 S. E. 277.

In *Linn* v. *Collins,* 77 W. Va. 592, 87 S. E. 934, 936, Ann. Cas. 1918C, 86, the suit was instituted on a note alleged to have been lost. The court said:

> "Plaintiff having proved the due execution, contents and loss of the note, the burden devolves upon the makers to prove payment. The rule of evidence as to payment of a lost note is the same as in other cases. Payment is an affirmative defense and the burden of proving it is on him who alleges it."

We reverse the judgment of the Circuit Court of Fayette County, set aside the verdict of the jury, and remand the case for a new trial.

*Reversed and remanded.*

LOVINS, JUDGE, dissenting:

The basis for recovery as pleaded in the original notice of motion was a renewal note dated July 27, 1931, apparently signed by the three defendants, and judgments were rendered thereon as to Judy and Boyd. Separate orders, which show the rendition of judgments, recite that said note was exhibited and filed. Subsequently, after due service of process, Lewis appeared, filed a plea of *non est factum* and a counter-affidavit denying liability. A mistrial resulted on the issues made by the original notice and the plea and counter-affidavit of Lewis.

The plaintiff amended his original notice of motion before and during the second trial. By the first amendment he relied on the original obligation; by the second amendment he changed his position and relied on the note dated January 27, 1930; and by the third amendment he alleged that the note dated January 27, 1930, was not in his possession and its whereabouts were unknown to him. Lewis pleaded in abatement the statute of limitations and release of liability.

Lewis did not deny signing the note dated January 27, 1930, and two renewals thereof, his plea of *non est factum* going only to the note dated July 27, 1931, and on the plea of *non est factum* the plaintiff confessed judgment.

The plaintiff introduced Boone, assistant receiver, who testified as to the contents of a "note record," most of which record was in the handwriting of Z. H. Legg, the former cashier of the Bank of Pax. The witness Boone further testified, in part, that he had no personal knowledge of the transaction and that Zenith Legg (apparently the same person as Z. H. Legg) was present in court as a witness; that he had not been able to locate the note among the papers of the Bank of Pax; and that he had no information as to its location. The witness Boone further testified:

"Q. Now, this note that you claim to be suing on, of January 27, 1930: the record that you have there shows that that note was paid on March 28, 1930, doesn't it?

"Mr. Love: Objection.

"A. So indicated on the record.

"Mr. White: Q. Mr. Boone, I believe you said that you had hunted for this note, that is, the original note of January 27, 1930?

"A. Yes, sir.

"Q. And you have not been able to find it?

"A. I have not.

"Q. It is not among the records of the bank?

"A. No, sir.

"Q. Do you know what happened to it?

"A. I do not.

"Q. But the bank does not now have it?

"A. No, sir.

"Q. And has not had it since the institution of this suit originally, four years ago, has it?

"A. No, sir."

The plaintiff offered the testimony of the court reporter Keller, which was, in substance, that the defendant Lewis at a former trial admitted that he signed the note dated January 27, 1930, and two renewals thereof, which was excluded.

I cannot accede to the holding that the testimony of the court reporter was admissible to prove the contents of the note signed by Lewis.

I hold the view that the plantiff did not show that a diligent search was made. True, Boone said he had searched for the note "among the records of the bank" but had not been able to find it. This testimony does not show the diligence required.

"Before the contents of a lost paper can be properly given in evidence, it is not only necessary to prove that it is lost and that diligent search has been made to find it, but its due execution as well." *Snyder* v. *Bridge Co.*, 65 W. Va. 1, 63 S. E. 616, 131 Am. St. Rep. 947.

Secondary evidence is only admitted when for some reason primary evidence cannot be obtained and only after a showing of diligence. *Kennedy* v. *Canadian Pacific Ry. Co.*, 87 Wash. 134, 151 Pac. 252. This lack of diligence on the part of the plaintiff is apparent, when it is considered that Legg, the former cashier, was present in court as a witness, Legg being the person who made the original "note record."

No showing of diligent search was made for the note of January 27, 1930, and therefore the conclusion necessarily follows that the contents of the note could not be given in evidence. The loss of the note should have been shown with reasonable certainty as well as the further fact that it was not in possession of some of the makers thereof. *Hammond* v. *Ludden,* 47 Maine 447. While it may be conceded that the loss of the note was shown, there is no showing as to whether it had been destroyed, surrendered to one of the makers, or disposed of in some other way. The most that can be said is that it was not found in the papers and records of the Bank of Pax, no search or inquiry was made elsewhere.

The evidence herein shows on its face that the testimony of Legg, the cashier, could be obtained, and I have no doubt but that Legg knew of the original transaction. As he made the original record, this would have been primary evidence. Therefore, the testimony of the witness Keller was properly excluded. *Klein Bros.* v. *Gibcomb* (Texas Civ. App.), 152 S. W. 462.

Conceding for the moment that the testimony of Keller was admissible, it seems to me that all the evidence of-

fered on behalf of the plaintiff was still insufficient to support a verdict for the plaintiff had one been rendered thereon. *Ketterman* v. *Dry Fork Ry. Co.,* 48 W. Va. 606, 37 S. E. 683.

There are other reasons which may be urged with some force to show the correctness of the trial court's ruling on the admissibility of Lewis' testimony at the former trial, but having reached the conclusion herein expressed, it necessarily follows that plaintiff failed to make a *prima facie* case and that trial court was right in directing a verdict for the defendant.

For the reasons stated herein, I would affirm the judgment of the trial court.