## CHARLESTON.

CLARICE ALVIS TUGGLE *v*. F. M. SUTHERLAND.

(No. 5261.)

Submitted March 10, 1925.  Decided March 24, 1925.

1.  SYLLABUS OF PRIOR CASE FOLLOWED AND APPLIED.

    Point 3 of the syllabus in *Cautley* v. *Morgan*, 51 W. Va. 304, followed and applied.  (p. 544).

    (Estoppel, 21 C. J. §§ 132, 154.)

2.  ESTOPPEL—*Generally Estoppel in Pais May be Asserted at Law as Well as in Equity.*

    Generally speaking, *estoppels in pais* may be asserted at law, as well as in equity.  (p. 543).

    (Estoppel, 21 C. J., § 121.)

3.  SAME—*Estoppel in Pais is Ordinarily Available Under General Issue.*

    An *estoppel in pais* is ordinarily available under the general issue.  (p. 543).

    (Estoppel, 21 C. J.  § 121.)

    (NOTE:—Parenthetical references by Editors.  C. J.—Cyc.  Not part of syllabi.)

Error to Circuit Court, Mercer County.

Action by Clarice Alvis Tuggle against F. M. Sutherland. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Russell S. Ritz,* for plaintiff in error.
*French, Easley & Easley,* for defendant in error.

Hatcher, Judge:

From a verdict and judgment in favor of the plaintiff
for $800.00, this case is here on a writ of error from the
circuit court of Mercer county.

Several years ago Russell S. Ritz was the owner of two
lots in the city of Bluefield, referred to in the evidence as
lots numbers 1 and 2. There was no division fence or marked
line between these lots. Mr. Ritz set out quite a lot of shrub-
bery on the property, part of which was entirely on lot 2
and part entirely on lot 1. The shrubs on lot 2 occupied a
strip about six feet wide and 138 feet long, immediately
adjoining lot number 1. Sometime later, Mr. Ritz conveyed
lot number 2 to F. M. Sutherland, the defendant herein.
After owning the lot a few months, Mr. Sutherland conveyed
it to the plaintiff, Mrs. Tuggle, who has since resided thereon.

It seems from the evidence that neither Mr. Ritz, Mr.
Sutherland, nor Mrs. Tuggle, at the time of her purchase,
had ever established the division line between the lots. Both
Mr. Ritz and Mr. Sutherland thought that the shrubbery
was entirely on lot 1. Both claim that Mrs. Tuggle was of
the same opinion. Mr. Ritz said that from time to time com-
plaint was made to him and his wife by Mrs. Tuggle about
the shrubbery scratching her automobile, etc. He also testified
that he sold the shrubbery to Mr. Sutherland in order to
stop her complaints. The price paid was $250.00. Mr. Suther-
land had the shrubbery dug up and transplanted on another
lot. Mrs. Tuggle was sick in the hospital at the time it was
removed. A short while before removal, Mr. Sutherland
pointed it out to a Mr. Schuddeboom, a nurseryman, in the
presence of Mrs. Tuggle, who then told them that she would
not give ten cents for the whole amount of shrubbery, and
was glad they were going to dig it up. Mrs. Tuggle explained
that she had reference to the shrubbery which was on Mr.
Ritz's side of the line, only. She denied making any complaint
to either Mr. and Mrs. Ritz, except that she asked Mrs. Ritz
about keeping some of it trimmed along the back part of the

driveway. The plaintiff offered to prove by several real estate men that her property decreased in marketable value to the extent of $1,500.00, after the shrubbery was taken off, but the court, on motion of defendant, refused to permit this evidence to go to the jury. Statements by the defendant were proven, to the effect that he had for $250.00 bought about $1,500.00 worth of shrubs from Mr. Ritz, and that there were two blue spruce trees in the lot for which he would not take $500.00 each. E. T. Tyree, a witness for the plaintiff, who had considerable experience with shrubbery, in answer to a question by the court, stated he would be safe in saying there was a difference of $1,000.00 in the market value of the lot after the shrubbery was removed. The actual transference of the shrubs was under the charge of Mr. Schuddeboom, who admitted telling a Mr. Thomas that he valued the shrubbery, as it was on the property of the plaintiff at $1,500.00.

The defendant made no denial of the statements attributed to him. He protested that the two blue spruce trees were not really worth $500.00 a piece;—"I just said I would not take $500.00 a piece for them." He also testified that he never ran any of the lines of lot number 2; that he did not know he was getting any of the shrubbery which belonged to Mrs. Tuggle; that he did not think that Mrs. Tuggle knew he was getting any shrubbery that belonged to her; that she thought what he was to get belonged to Mr. Ritz and that was the reason she raised no objection to it. He also admitted that Mrs. Tuggle was not at home when the shrubs were actually removed. Mr. Ritz, while insisting that there was not any question about Mrs. Tuggle's complaints to himself and Mrs. Ritz about the shrubbery, admitted in answer to a question as to whether or not he *knew* that Mrs. Tuggle made complaint to him, that he was not *sure*.

The evidence does not show the exact number of shrubs taken off of lot number 2; but among other shrubs which the plaintiff proved were on her side of the line were the two blue spruce trees. At the close of the evidence the court instructed the jury to find for the plaintiff the value of all the shrubs removed from her lot by the defendant.

The gravamen of the defendant's charge here is that the plaintiff is estopped by her conduct and complaints to maintain her case. The plaintiff replies that *estoppel in pais* is incapable of assertion in a court at law, citing *Handley* v. *Waterson*, 39 W. Va. 214, in which it was held, "Equity is the proper forum in which to assert such equitable estoppel." The holding in that case is not to be questioned. A court of equity is undoubtedly a proper forum in which to assert *estoppel in pais*. However, that case does not hold, and neither does any other West Virginia case hold, that such an estoppel is available *only* in equity.. The weight of authority is that it may also be asserted at law.

> "The doctrine of equitable estoppels is one which at the present time can be applied at law to real and personal property without forcing the parties to seek relief in equity, and as between co-ordinate powers neither can lessen the power of the other by arrogating them to itself."
> Estoppel & Res Judicata, 2 Herman 1442, par. 1298.

> "Generally speaking, *estoppels in pais* are available as well at law as in Equity."
> Biglow on Estoppel, 6th Ed. p. 777.

> "The defense of equitable estoppel is, as a rule, as available in courts of law as in courts of equity, and the relief is as full and as adequate in the one as in the other."
> *Hoge* v. *Fidelity Loan & Trust Co.*, 103 Va. 1.

Plaintiff further contends that if estoppel can be asserted at law, it should be specially pleaded. Under the procedure which we have inherited from the common law, a special plea. is not generally a prerequisite to the introduction of evidence of estoppel.

> "At common law an *estoppel in pais* need not be pleaded but is. available under the general issue."
> 21 C. J. 1241.

> "It is well settled at common law that an *estoppel in pais* need not be pleaded.
> Biglow on Estoppel, p. 763.

In support of his theory of estoppel, defendant offered the following instruction:

"The court instructs the jury that if you believe from the evidence that the plaintiff, by reason of her complaining of the shrubbery caused the witness Ritz to make sale of said shrubbery in order to satisfy plaintiff's complaints, and she stood by and raised no objection to the removal of said shrubbery, then you are told she is now estopped from claiming compensation for such shrubbery, even though you may believe some was removed from plaintiff's lot."

The trial court quite properly refused this instruction. Under no theory of the case could it have been given, as there was no evidence that Mrs. Tuggle "stood by and raised no objection to the removal of said shrubbery." On the contrary, Mrs. Tuggle was in the hospital and knew nothing about its actual removal.

The law regarding estoppel in such a case is definitely established:

"A party who claims that another, seeking to enforce his rights, shall not be permitted to allege and show the truth, must establish that he has been induced, by his faith in or reliance upon the assertions or acts of such party to the contrary, to do some act, or incur some liability, which would make it injurious to, or a fraud upon him to allow the truth to be shown. A party setting up an estoppel must be personally misled or deceived by the acts which constitute the estoppel alleged; he must have trusted to them, in some particular business transaction."
Estoppel & Res Judicia, 2 Herman 1447, par. 1304.

"Where the estoppel relates to the title of real property it is essential to the application of the doctrine, that the party claiming to have been influenced by the conduct or declaration of another was himself not only destitute of knowledge of the true state of the title, but also of any convenient and available means of acquiring such knowledge. Where

the condition of the title is known to both parties,
or both have the same means of ascertaining the
truth, there is no estoppel.''
>  *Brant* v. *Virginia C. & I. Co.,* 93 U. S. 326, 23
>  L. Ed. 927.

''Mere silence, or some act done, where the means
of knowledge are equally open to both parties, does
not create an *estoppel in pais.''*
>  *Cautley* v. *Morgan,* 51 W. Va. 304.

Mr. Ritz conceived the idea that the shrubbery was on lot
1 quite a while before he sold it to Mr. Sutherland.   Mr.
Sutherland also acquired the same opinion, presumably from
Mr. Ritz, some time before his purchase.  Neither one says
he derived his opinion from Mrs. Tuggle.  The only conversa-
tion in evidence between the defendant and plaintiff occurred
*after* the purchase.

The position of the defendant, in plain terms, is that while
he secured no title from Mr. Ritz to the plaintiff's shrubs,
he should not have to pay her for them now, because she, in
common with him and Mr. Ritz, was ignorant of her title
thereto.   He would have the plaintiff lose her property be-
cause of her mistaken idea; and he would acquire the prop-
erty by reason of his like mistake.   Under his theory, she
would be penalized because of her error in judgment and he
would profit because of his same error.   Despite the fact that
this misunderstanding was common to each of the three con-
cerned, defendant would have the court weigh the plaintiff's
mistake most heavily against her and regard with complais-
ance his own mistake.

Estoppel is not founded on mere ignorance and neither
does one lose title to property by ignorantly lodging com-
plaints against it with another.   As the former owners of
lot number 2, Mr. Ritz and defendant, respectively, had the
*same opportunity to know its lines as the plaintiff.*   This
grievance was occasioned by their failure to use ordinary care
in locating the line between the lots.   They evidently measured
the lines only with the eye.   It is common knowledge that
the eye does not estimate distance exactly—it can only ap-
proximate it.   Mrs. Tuggle is not chargeable with the mistake

of Mr. Ritz and defendant. They do not say she misled them. They do not trace the blame for their erroneous idea to her. Her complaints were not of sufficient gravity to now mute her demand for reparation. The defendant invaded plaintiff's lot at his peril. He now has her property—valuable property which he has not offered to return and for which he has made no payment to her. The law exacts of him full compensation. He must atone for his trespass. There being no estoppel shown and no excuse justifiable at law for defendant's deed, the trial court properly instructed the jury to find for plaintiff.

The defendant finally contends that the evidence as to the value of the shrubbery taken from the plaintiff's lot was too "flimsy, conjectural, speculative, and guesswork" to warrant any verdict for the plaintiff.

One of the several measures of damages when ornamental trees are destroyed or removed, is the difference in the value of the realty before and after the trespass. Sedgwick on Damages, 9th Ed. par. 933; opinion in *Fairview Fruit Co.* v. *Brydon & Bro.*, 85 W. Va. 609.

The plaintiff offered evidence which strictly conformed to this rule. The defendant objected and the court sustained the objection. We yield a dull ear to the protest of a suitor against a verdict in such a case. By reason of defendant's improper objection, the plaintiff was limited to the very evidence of which defendant now complains. A court does not help a party profit by his own misconduct. We are of opinion, however, that the admission of value made by the defendant and Mr. Schuddeboom, together with the evidence of witness Tyree afford substantial foundation for the verdict of the jury.

Perceiving no error in the record prejudicial to the defendant, the judgment of the lower court is affirmed.

*Affirmed.*