## CHARLESTON.

Union Bank & Trust Company *v.* J. H. Dowman

(No. 6759)

Submitted October 7, 1930.   Decided October 14, 1930.

*George S. Wallace,* for plaintiff in error.

*Robert H. C. Kay* and *Mohler, Peters & Kelly,* for defendant in error.

494

HATCHER, JUDGE:

In June, 1925, Huntington Engineering Company borrowed some money of the plaintiff bank and deposited as security thirty-three paving certificates, one of which was against defandant Dowman. This certificate was payable in five installments, represented by coupons, which were payable to bearer. One installment had been paid by Dowman to the Engineering Company prior to the hypothecation to the bank. The other four installments were due December 13, 1925, 1926, 1927 and 1928, respectively. The company did not repay the loan and the collateral was sold and bought in by the bank in 1929. This action was then brought to collect the balance on the certificate. The defendant paid into court installments four and five and pleaded the general issue as to two and three. The jury found for defendant, and judgment was entered for him.

T. J. Bartrug, who was president of the Engineering Company, was a witness for the defendant. Bartrug testified that between June and November, 1925, he stated to H. G. Proctor, the cashier of the plaintiff, that as it involved some care to keep up with and notify the parties named in the certificates when the assessments were due, it would be best for the bank to permit the Engineering Company to assume the collection of the certificates and pay the collections on the note; and that Mr. Proctor said ''it would be all right provided the note was curtailed equivalent to the collections.'' Mr. Proctor says he does not recall that conversation, but denies giving the Engineering Company any authority to collect the certificates. Dowman had no notice of the rights acquired by the bank until in 1927. In the meantime, the Engineering Company demanded, received and retained the payments from Dowman of installments two and three, respectively, as they fell due. Under the verdict, the controversy between Bartrug and Proctor was resolved in favor of the express authority of the Engineering Company to make the collections from the defendant. Therefore, the failure of the company to turn over the collections to plaintiff is the default of plaintiff's own agent, for which defendant is in no wise responsible.

Dowman made no effort to secure the coupons representing

installments two and three. He was at fault in this respect, the coupons being payable to bearer. The plaintiff relies strongly on this delinquency, contending that Dowman paid the Engineering Company at his peril, citing *Bank* v. *Nichols,* 101 W. Va. 553. That case is materially different from this, in that it contained no element of estoppel against the holder of the instrument there sued upon. Here undisputed and competent evidence establishes an equitable estoppel against the plaintiff and renders a discussion of the other points of error raised by it unnecessary. R. L. Archer, the president of the plaintiff, testified that he knew from time to time between June, 1925, and 1927, that the company was collecting installments on other certificates hypothecated to the bank. In a letter written by the company to the bank on March 4, 1926, collections on fourteen certificates are listed. The bank admits receiving from the company payments of a number of such collections. It was compelled to take notice that in making these collections, the company was posing to the property owners either as its representative or as the holder of the certificates. It could not escape the inference that the property owners were under the impression that they had the right to pay the installments to the company. The bank took no steps to stop the collections. It gave no notice of its rights to the property owners. Its conduct made possible the peculations of the company. Its silence, with knowledge of the course pursued by the company and its acceptance of the benefits therefrom, estop it now from repudiating that course. 2 Herman, Estoppel, sec. 735; 21 C. J., subject: Estoppel, sec. 154-5; *Mann* v. *Peck,* 45 W. Va. 18; *Despard* v. *Despard,* 53 W. Va. 443. An equitable estoppel may be asserted at law. *Tuggle* v. *Sutherland,* 98 W. Va. 540; 21 C. J., *supra,* sec. 14.

The judgment of the circuit court is accordingly affirmed.
*Affirmed.*