815 F.2d 74
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Alan D. NOVAK, Plaintiff--Appellant,
v.
Glenn C. WHITACRE; West Virginia Pulp and Paper Company,
t/a Westvaco Corporation, a West Virginia
corporation, Defendants--Appellees.
 No. 86-2562.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 27, 1987.
Decided March 24, 1987.
 
 Before HALL and SPROUSE, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 Gray Silver, III; Curtis G. Power; Avey & Steptoe, on brief, for appellant.
 M. Bruce Wallinger; Wharton, Aldhizer & Weaver; Billy J. Tisinger; Harrison & Johnston, on brief, for appellees.
 PER CURIAM:
 
 
 1
 Alan D. Novak brought an action in district court pursuant to diversity jurisdiction alleging the unlawful removal of trees from his Hampshire County, West Virginia, property by Glenn C. Whitacre, an agent of the West Virginia Pulp and Paper Company ("Westvaco"). Following a jury trial, a verdict was returned in Novak's favor awarding damages in the amount of $2,000. The district court then entered an order trebling the damages pursuant to West Virginia Code Sec. 61-3-48(a).[1] Novak now contends that the district court improperly instructed the jury with regard to the measure of damages resulting in an inadequate award. Finding that contention to be meritless, we affirm.
 
 
 2
 Applying West Virginia law, as stated in Darnell v. Wilmoth, 69 W.Va. 704, 72 S.E. 1023 (1921), the court instructed the jury that the measure of damages for the unlawful cutting of timber having no more than ordinary commercial value was the market value of the trees on the stump. On appeal, Novak argues that Darnell is outdated authority and that subsequent West Virginia cases, including Tuggle v. Sutherland, 98 W.Va. 540, 127 S.E. 384 (1925), permit consideration of the replacement value of the trees. Relying primarily on Tuggle, Novak contends that the district court erred in excluding expert testimony on replacement value and in refusing to instruct the jury on that standard. We disagree completely with appellant's contentions.
 
 
 3
 As recently as 1982, the West Virginia Supreme Court of Appeals reaffirmed the validity of Darnell in Leach v. Biscayne Oil and Gas Co., Inc.., 289 S.E.2d 197 (W.Va. 1982). Although the court did recognize an exception to the "market value of the stump" rule in Tuggle, that case dealt with ornamental trees of special value. Other than appellant's claim that he subjectively cherished his trees, there was no evidence in this case that the trees removed from his property possessed any such special characteristics. Moreover, under Tuggle, the measure of damages is not replacement value but the difference in the value of the land before and after the cutting. There is no indication in the record that Novak attempted to introduce any evidence on that point.
 
 
 4
 In sum, we perceive no error in either the district court's evidentiary ruling or in its instruction to the jury. Upon consideration of the record and the briefs, we conclude that the dispositive issue has been authoritatively decided. We, therefore, dispense with oral argument and affirm the determinations of the district court for the foregoing reasons.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 West Virginia Code Sec.61-3-48(a) provides that:
 Any person who enters the land or premises of another without written permission from the owner of the land or premises in order to cut, damage or carry away or cause to be cut, damaged or carried away, any timber, trees, logs, posts, fruit, nuts, growing plant or product of any growing plant, shall be liable to the owner in the amount of three times the value of the timber, trees, growing plants or products thereof, which shall be in addition to and notwithstanding any other penalties by law provided. (1959, c, 36; 1983, c. 56).